Ward *v.* Preston.

<hr>

## WARD *v.* PRESTON.

The declarations of an agent, while acting as such, made in and about matters connected with and in the scope of his agency, are admissible in evidence against the principal.

When, in the course of a trial, irrelevant testimony is offered by one party, and objected to by the other, and admitted by the Court, and the Court afterwards strikes out the testimony, and directs the jury to disregard it, the error in admitting the evidence is cured, and affords no valid ground for reversing the judgment.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

One Smith recovered a judgment against Kretzer and F. Crosby, partners in trade, for seven hundred and forty-one dollars and sixteen cents, and costs ; and on the ninth day of January, 1861, assigned the judgment to plaintiff, Ward, and on the same day an

execution was issued on the judgment, by virtue of which the Sheriff levied on and sold the hogs in controversy.  Kretzer & Crosby were the owners of the hogs, when levied on.  At the time of the sale by the Sheriff, Ward was absent in Mendocino County, and Lewis Crosby bid in the property for Ward.  When Ward returned he satisfied the judgment, and directed the Sheriff to call on Crosby for some six hundred dollars, being the amount of the purchase more than the judgment.  The defense was, that Ward never owned the hogs, but that they were purchased in his name by Crosby, who was the real owner.  Tho other facts are stated in the opinion of the Court.

*W. H. Rhodes,* for Appellant.

Injury will be presumed, where error is apparent.  Every error in the Court below, in rejecting, and much more in admitting evidence, is, *prima facie,* an injury ; and it rests with the other party, clearly, to show that no hurt would have been, or was done, by the error.  (*Jackson* v. *Feather River Water Co.,* 14 Cal. 25.)

The declaration, or admission, of a person competent to be a witness, and who is not shown to have acted on behalf of the adverse party, cannot be proved, even though, when subpenaed, he absents himself from the trial.  (*Woodward* v. *Paine,* 15 Johns. 493.)  A party who can call a witness cannot give evidence of his declarations.  (*Alexander* v. *Maher,* 11 Johns. 185 ; *Bristol* v. *Darr,* 12 Wend. 142.)

It was error to admit the papers in the case of *Betts* v. *Crosby & Chapman.*  But it may be argued that the Court, on motion, struck out the evidence.  The answer to this is apparent.  It is the province of the Judge to control the admissibility of evidence ; and he has no right to permit evidence to go before a jury, unless its relevancy and competency be first shown.  In most cases, it is impossible to erase from the minds of a jury, the effect produced by incompetent proof, even though the Judge should instruct the jury to disregard it.  The safest rule in cases of written proof, is to allow the instrument to be proven, and afterwards, on showing by other proof its relevancy, then to introduce it, and not till then.  (*Mateer* v. *Brown,* 1 Cal. 224 ; 1 Graham on New Trials, 240.)

*W. H. Long*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of two hundred and fifty hogs. The plaintiff claimed the property, as purchaser at a Sheriff's sale, on an execution issued on a judgment owned by him, in which L. Crosby and another were defendants, and which were levied upon as the property of Crosby. It seems that the plaintiff requested Crosby, after the sale, to look after the hogs, and to make a contract with some one to fatten them. He made an arrangement with one Gill, and directed him to go to the plaintiff to make the bargain, which he did, and the plaintiff entered into a contract with Gill for the latter to fatten and market the hogs ; that is, after fattening them, to sell them in the market to the best advantage ; and they were to divide the proceeds equally between them. Gill took possession under this agreement, and soon after sold them to the defendant. The defendant recovered judgment, from which the plaintiff appeals.

At the trial, a witness was asked whether Crosby ever offered to sell the property, and what Crosby said when applied to to remove the hogs ? The permission to ask these questions, is assigned for error. It seems that after the purchase at Sheriff's sale, Crosby, at the request of plaintiff, took charge of the hogs, and was authorized, to some extent, to act as agent for the plaintiff; and as such, his acts and statements connected therewith while thus acting as agent, were admissible as evidence. But even if they had not been strictly admissible, they could not have operated as a material injury to the plaintiff, nor would the error be such as to justify us in reversing the judgment.

It appears that one Betts recovered a judgment against Crosby and one Chapman, issued an execution, and procured an order for the examination of Gill, under Sec. 241 of the Practice Act, to testify as to any property he might have in his hands, belonging to Crosby. Gill appeared, and stated that he had sold certain hogs, belonging to Crosby & Preston, and had five hundred dollars of the money in his hands. Thereupon, the Court ordered Gill to pay this

Ward *v.* Preston.

money to the Sheriff, to be applied on the execution.   At the trial of this case, the Court permitted the defendant to introduce the record of these proceedings in evidence, and this is assigned for error.   This evidence was clearly irrelevant to the matters in issue in this case, and not competent to be used against the plaintiff.   He was not a party to those proceedings, had no notice thereof, and they cannot be held to bind or affect him in any way.   But the Court afterwards struck out the evidence, and directed the jury to disregard it.   The Court may have admitted it under the supposition that the defendant would show, that in some way, the plaintiff was bound thereby, but finding that was not done, ordered it stricken out.   Under these circumstances, the error in admitting the evidence, was cured by this act of the Court, and it affords no valid ground for reversing the judgment.

At the trial, the Court gave the jury the following instructions, to which the plaintiff excepted, and now assigns for error : " You, gentlemen of the jury, are to try in this cause two principal questions : First, Did this property belong to Loomis Ward at all ? and, second, if it ever did, did he authorize the man, James Gill, to sell the same to defendant ?   In the first inquiry, you can investigate the question—Was not L. Crosby the owner of the property ? and, if so, you need not go any further ; for if L. Crosby was the owner, the plaintiff has no right to complain, and cannot maintain this action.   In order to ascertain whether L. Crosby was or was not the owner, the jury can take into consideration all the circumstances attending the sale by the Sheriff; the care and control of the hogs taken by Crosby, if any ; the offer by him to sell them to Jaynes and others ; and the conversation of witness Bell with plaintiff, Ward. This conversation is not admitted, to show an estoppel as against Ward, for such is not the effect of it, but it is admitted, with other testimony, to contradict or disprove Ward's claims of property in the hogs."   We see no valid objection to these instructions.   It drew the attention of the jury to the main questions of fact they were called upon to decide, and they violate no rule of law.   The defendant clearly was not injured by them.

The judgment is affirmed.