HENRY M. HAMILTON, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

An omission to object to testimony is not a concession that it is competent, and where the testimony is incompetent the party against whom it is received is entitled to a charge that such testimony is not to be taken into consideration by the jury.

Plaintiff purchased from defendant a passage ticket from Buffalo to New York. The ticket entitled plaintiff to one first-class passage only upon presentation of tickets with checks attached. To the tickets were attached two checks or coupons—one from Buffalo to Albany, the other from Albany to New York by the H. R. R. R. Co. Upon the checks were these words: "This check forfeited if detached." Plaintiff left the train at Utica. The first check was detached, as plaintiff testified, by the conductor when he alighted. This the conductor denied, but testified he found it after plaintiff left, at the head of the berth he occupied. The next day plaintiff took another train east, and upon his refusal to pay fare was put off the cars at St. Johnsville. He then paid his fare under protest, and went on to Albany. Evidence was given on the trial of a conversation had between him and the conductor after the arrival in Albany, in which the latter applied to plaintiff various slanderous and abusive epithets. Defendant requested the court to charge that the conduct of the conductor at Albany was not to be taken into consideration, as defendant was not responsible therefor, which request was refused. *Held*, error; that it was not part of the *res gestæ;* that

defendant could not be held responsible for the *quo animo* of the conductor beyond the purpose of ejecting plaintiff, and that the fact that the evidence was received without objection did not render the refusal proper.

Also, *held* (LOTT, Ch. C.), that plaintiff's ticket only entitled him to a single continuous passage on each road without the right of stopping at an intermediate station and resuming the journey by another train, but that if he had such right he lost it if he voluntarily or negligently detached the check.

(Argued May 9, 1872; decided September term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial district, denying a new trial and directing judgment in favor of plaintiff upon a verdict.

The action was brought by the plaintiff for being put off the defendant's cars under the following circumstances.

On the 12th day of August, 1863, he purchased a ticket at the office of the defendant, at Buffalo, from that city to New York, stamped with that date, of which the following is a copy:

| NEW YORK CENTRAL RAILROAD | | |
| --- | --- | --- |
| **BUFFALO TO NEW YORK.** | *Issued by the N. Y. Central R.R. Co.*   NEW YORK.   HUDSON RIVER R. R., ALBANY TO NEW YORK.   FIRST CLASS.   *No.* This Check is forfeited if detached — 1   NO. | *Issued by the N. Y. Central R.R. Co.*   NEW YORK   NEW YORK CENTRAL R. R., BUFFALO TO ALBANY.   FIRST CLASS.   *No.* This Check forfeited if detached. — 1   No. |
| GOOD FOR ONE FIRST CLASS PASSAGE *Only upon presentation of this Ticket, with Checks attached, and good only for 20 days from date. Not good unless dated and endorsed by the Receiver.* Via NYC and HR Railroads. ☞ Conductors are required to detach from this Ticket and take up the Checks over their respective lines. The Conductor upon the road at the end of the route, will take up the Ticket, as well as the Check over his road. ☞ If the Checks belonging to this Ticket are detached, they will not be received for passage. EDW. F. FOLGER, Chief Clerk. | | |

He left Buffalo in the six P. M. train of the defendant in a sleeping car. He rode to Utica and there left the train. He testified that the conductor of the sleeping car stood near the door and asked him for his ticket; that he handed it to him; that the conductor took it and tore off the New York Central coupon and returned the stub and Hudson River coupon ticket to him. This the conductor denied. His version was that he met the plaintiff at the car door on leaving,

and asked him if he had his ticket, and he replied that he
had; that he, the conductor, afterward found the Central
coupon in the spring at the head of the berth which the
plaintiff had occupied; that he took it, and when the Central
conductor came into the car below Utica, he gave it to that
conductor and told him that the passenger had left it in the
spring and got off at Utica.

The plaintiff on the next day took the eleven A. M. train
east from Utica, and, on claiming to pass on producing the
ticket without the Central coupon, he was told by the con-
ductor that he could not, but must pay his fare or leave the
car. He refused to do either, and when the train reached
St. Johnsville, one of the regular stations or stopping places
on the road, he was put off the car. He then paid his fare
under protest, returned to the car and went on to Albany.
His refusal to pay the fare was accompanied with the declara-
tion or statement that he had already paid it, in the purchase
of the said ticket, and that the coupon which had been taken
off had been detached by the conductor on the train which
he had left at Utica.

Shortly after reaching Albany the conductor of the sleep-
ing car, being seen by the plaintiff, accompanied him to the
conductor of the Utica train, and informed the latter that he
remembered the plaintiff; that he had found his ticket in the
spring of his berth after he left, and had given it to the other
conductor; and thereupon the conductor of the Utica train
refunded to the plaintiff the fare he had taken from him.
Some further evidence of what subsequently transpired at
that interview was given by the plaintiff, which, with some
exceptions taken during the progress of the trial, so far as
they are material to the decision, are stated in the opinion.

The jury found a verdict in favor of the plaintiff against
the defendant for $1,500 damages. A motion was made on
the minutes of the judge who tried the action to set aside the
verdict, and for a new trial, based on the exceptions and on
the ground of insufficient evidence, and that the damages
were excessive. The judge denied the motion, and, at the

same time in the same order, he made a further order in these words: " It is further ordered that the defendant may make a case and exceptions, covering the facts and testimony and exceptions upon the trial; and that upon the case, so made, the whole and all of the facts and questions, arising on the trial and upon this motion, shall be heard in the first instance at General Term;" and he directed that the proceedings of the plaintiff be stayed until the decision of the court upon the whole case.

The cause was subsequently heard on a case and exceptions prepared in pursuance of that order at General Term. They ordered that the verdict rendered for the plaintiff at the trial be sustained, that a new trial of the cause be denied, and that judgment be rendered for the plaintiff pursuant to said verdict, together with costs.

*D. M. K. Johnson* for the appellant. Defendant has power to make reasonable and proper regulations for the conduct of all persons on its cars. (Pierce on Am. R. R. Law, 248, 249, 490, 492; *Commonwealth* v. *Power,* 7 Met., 596; *State* v. *Overton,* 4 Zabri., Ohio, 441; *Willits* v. *B. and R. R. R. Co.,* 14 Barb., 585; *North. R. R. Co.* v. *Page,* 22 id., 130; *Hibbard* v. *N. Y. and E. R. R. Co.,* 15 N. Y., 455; *Sanford* v. *Eighth Ave. R. R. Co.,* 23 id., 344; *Beebe* v. *Ayres,* 28 Barb., 275.) Defendant is not liable if unnecessary force was used. (15 N. Y., 467; *Chautauque Bank* v. *White,* 24 id., 347; *Crocker* v. *N. L. W. and P. R. R. Co.,* 24 Conn., 249.) Plaintiff had no right to leave the train at Utica, and on another day take another train; he abandoned his contract. (Pierce Am. R. R. Law, 253, 491, 492; *Cheeney* v. *B. and M. R. R. Co.,* 11 Met., 121; *State* v. *Overton,* 4 Zabri., Ohio, 435.)

*J. R. Swan, Jr.,* for the respondent. Defendant is liable for the act of its conductor in putting plaintiff off of the train. (*Myers* v. *Second Ave. R. R. Co.,* 8 Bosw., 305, 311, 312; *Weed* v. *Panama R. R. Co.,* 17 N. Y., 362; 4 Duer, 192;

*P. and R. R. R. Co.* v. *Derby*, 14 How. U. S., 483; Redfield on Railways, § 225 [2], § 169, pp. 381–384 and notes; Story on Agency, 452; *Brown* v. *Chadley*, 39 Barb. 253; 3 Bosw., 200, 246, 247.) A rule of defendant that plaintiff should be put off in this case would be unreasonable and of no effect as a justification. (15 N. Y., 458.) No such rule is pleaded, and defendant cannot avail itself of it. (29 Barb., 100; 16 N. Y., 297; Code, § 149; 35 Barb., 393; 20 id., 170; 16 N. Y., 197.)

Lott, Ch. C. The case was apparently heard at General Term, under the order of the judge made at circuit, without objection by either party; and although that order may not have been strictly regular, it appears to have been treated as made within the provisions of section 265 of the Code so far as it related to the exceptions taken on the trial; and any irregularity affecting it must be deemed as waived.

The order at General Term will, therefore, be assumed to have been made under that section of the Code, and is, consequently, reviewable by us on its merits. From such review the following conclusions have been reached by me:

1st. The ticket purchased by the plaintiff at Buffalo entitled him, at any time within twenty days from its issue, to a single passage from Buffalo to Albany over the road of the New York Central Railroad Company, and then to a single passage from Albany to New York over the road of the Hudson River Railroad Company. The passage was to be continuous after it was commenced on each of the roads, without the right of stopping at any intermediate station and renewing the journey on a different train at any subsequent time during the twenty days. The exercise of such a right would have given the plaintiff the benefit of a new and different passage. A party leaving a train at a particular place on a certain day could not, after stopping at several other places, and laying over a day or more at each of them, be considered, fifteen days thereafter, as still on one and the same passage.

Each departure from a different place would constitute a new passage. This construction of the ticket was insisted on by the counsel of the defendant as one of the grounds of his motion for a nonsuit, and was also asked to be given in the instruction of the court to the jury. The refusal to grant the nonsuit and to comply with such request was erroneous.

2d. Assuming, however, that the plaintiff had the right to avail himself of the ticket on different trains from time to time, then he lost that right if he left the Central coupon in the spring at the head of his berth when he went off at Utica. By the terms of the ticket it was good only upon its presentation, with the checks attached, to the conductor. If, therefore, the holder voluntarily or negligently deprived himself of that right, or became unable in consequence of his own act or omission of presenting the ticket in that form, he could not claim any privilege or right under it. There was a conflict in the evidence as to the circumstances under which the coupon in question was left in the sleeping car. The testimony of the plaintiff tended to show that it was given up by him on the demand of the conductor of the sleeping car on leaving the train at Utica; and he, on the other hand, swore that such was not the fact, but that he found it in the spring of the berth that had been occupied by the plaintiff.

Under this state of evidence the defendant's counsel asked the court to charge that if the jury believed that the plaintiff left his ticket in the sleeping car, the fact that he bought it in Buffalo, and there paid his fare to Albany, was no reason why he should not have been put off the second train when he would not produce his ticket or pay his fare. This was a proper request, and the refusal of the court so to charge was erroneous. The only evidence of such payment, which the conductor was authorized to receive, was the production of the ticket.

3d. It was proved that the fare paid by the plaintiff to the conductor of the Utica train (whose name was Morgan Gardner) was refunded by him at Albany; and the plaintiff testified that after he had received it he said to the conductor " this is

not the end of the matter," and made some other observations; and that the conductor, in replying thereto, called him a nigger and a thief, and also used these words: "I don't doubt but if your pockets were searched we should find them full of counterfeit money." In reference to which the counsel of the defendant requested the court to charge the jury "that the conduct of Gardner at Albany after he had paid back the fare, if the jury believe Hamilton's statement in regard to it, is not to be taken into consideration, as the company is not responsible for the acts of Gardner at that time and under the circumstances. If he did slander or abuse Hamilton then and there, the company is not liable." This, the case states, "the judge refused to charge, unless qualified;" and the defendant's counsel then and there excepted. It did not appear what qualification the judge deemed necessary, not has any been suggested in the prevailing opinion of the General Term, nor by the plaintiff's counsel. The request was proper as made. What was said and done by Gardner at that time was not in the discharge of his duties as conductor. The company could, with equal propriety, have been made responsible for an assault and battery committed after the money was so refunded.

The fact that the statement referred to in the request was made without objection by the defendant did not render the refusal proper. It is said with plausibility by MULLEN, J. (the judge who tried the cause and gave the prevailing opinion referred to), that the evidence "was conceded by both parties to be competent, as evidenced by the one by offering, by the other by not objecting to it. To instruct a jury that such evidence is not to be taken into consideration, is to exclude it from the case. This the court had no right to do." The remark is specious and unsound. It does not follow that the omission to object to testimony is a *concession* that it is *competent*. Counsel may deem certain evidence offered entirely irrelevant and immaterial, and, therefore, harmless, and, for that reason, raise no objection to its introduction, and thus avoid an exception, assuming, as the learned judge,

after making the remark above quoted, immediately added, that "being in, it was the duty of the court and jury to give it whatever effect it ought to have in the case."

On the application of that principle to the evidence referred to, the learned judge was asked to instruct the jury that it ought to have no effect whatever. This it was his duty to do if the testimony was irrelevant, and such as could legally have no influence whatever on their verdict.

It is claimed by the learned judge, however, that the evidence was competent, as a part of the *res gesta*, to show the *quo animo* of the agent in the transaction, beginning at St. Johnsville and ending at Albany. The difficulty with that proposition is that the transaction which constituted the gravamen of the action was the ejection of the plaintiff from the car of the defendant; and that terminated at St. Johnsville, and not at Albany. The claim that what occurred at Albany several hours after such termination was, nevertheless, a part of the transaction, is refuted by the mere statement of the proposition. It might be added that the defendant was only liable for what was done by the conductor within the scope of the authority conferred on him in the discharge of his duty. It is conceded by the learned judge that it could not be charged with the agent's slanders; and he erred in holding that it could be held responsible for the *quo animo* of his action beyond the purpose of ejecting the plaintiff.

Assuming the views above presented to be correct, I deem it unnecessary to consider the other exceptions which were taken on the trial.

All of my brethren concur with me in what has been said on the third and last ground or question considered by me, but express no opinion on the other two questions. It follows that the order denying a new trial was, on that ground, erroneous; and the order must, therefore, be reversed, and a new trial must be ordered, costs to abide the event.

All concur in result.

Order accordingly.