THE WASHOE TOOL MANUFACTURING COMPANY, Respondent, *v.* THE HIBERNIA FIRE INSURANCE COMPANY OF OHIO, Appellant.

*Action by an assignor of a claim which has been reassigned to him — the assignment and reassignment need not be shown on the trial — Policy of insurance — waiver of prepayment of premium — effect of non-payment.*

Where an action is brought upon a chose in action by an assignee holding an absolute assignment thereof, as security for the payment of a claim, and it appears, on the trial before a referee, that such claim has been paid in full, and on application to the court the assignor (original owner) of the chose in action is substituted as party plaintiff in place of the assignee, it is not necessary to show, on the trial, the transfer of the chose in action, and its retransfer.

When a policy of insurance is delivered, without exacting payment of the premium, it is a waiver of a condition therein that the insurance company was not to be liable upon the policy until the premium should be paid.

And the mere non-payment of the amount of the premium on demand, does not destroy the policy, where the insurance company does not give notice of its election to rescind the contract.

APPEAL from a judgment in favor of the plaintiff entered on the report of a referee. The action was brought originally in the name of Charles C. Lathrop, as plaintiff, but pending the reference it was, on application to the court: "Ordered, that the Washoe Tool Manufacturing Company be, and the same hereby is substituted as the plaintiff in this action, in the place and stead of Charles C. Lathrop, on payment of trial fee, witnesses' fees, and ten dollars costs of motion, to be taxed by the clerk of this court."

The referee found, among other things, that on or about March 9th, 1874, in consideration of the promise of the payment by the Washoe Tool Manufacturing Company, plaintiff herein, of the premium of thirty-seven dollars and fifty cents to the Hibernia Fire Insurance Company of Ohio, defendant herein, the said defendant, by their agent, duly authorized thereto, made and delivered to the said Washoe Tool Manufacturing Company, plaintiff, its policy of insurance, in writing, wherein and whereby it insured, for the term of one year, the said Washoe Tool Manufacturing Company against loss or damage by fire, to the amount $2,500 on its machinery, etc.

That a credit was given and extended by the defendant to the plaintiff, for the payment of the premium on the said policy of insurance.

That subsequent to the delivery of the said policy, repeated demands were made by the defendant of the plaintiff for the payment to it of the premium on said policy, which was frequently promised by said plaintiff, but has never been paid.

That the said policy of insurance has never been terminated, cancelled or annulled by the defendant, but the same was in full force and effect at the date of the fire, on June 18th, 1874.

*S. H. Johnson,* for the appellant.

*Samuel A. Noyes,* for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered on the report of a referee. The action was brought to recover the amount of a loss by fire upon a policy issued by the defendant. It was originally brought in the name of Charles C. Lathrop, as plaintiff, Lathrop having become the assignee of the policy after the happening of the loss. After the trial had commenced the defendant objected to the introduction of the policy in evidence, because it was issued to the Washoe Tool Manufacturing Company, whereas the action was brought in the name of Lathrop. Thereupon the reference was adjourned, and the Washoe Tool Manufacturing Company presented a petition to the Supreme Court, at Special Term, accompanied by the affidavit of Lathrop, setting forth that the policy had been assigned to Lathrop as collateral security for certain purposes, all of which had been satisfied. That Lathrop had reassigned the policy to the Tool Company, and thereupon, on due notice to the defendant, made a motion that the Tool Company be substituted as plaintiff in place of Lathrop. The order substituting the company as plaintiff in place of Lathrop, was granted, and thereafter the trial proceeded as though the action had been originally commenced in the name of the Tool Company. No proof was given on the trial of any assignment to Lathrop, or any reassignment by him. The referee made an order to conform the proofs to the evidence and to the order of the Special Term, by which the Tool Company was substituted as the plaintiff in the action. The defendant moved to dismiss the complaint upon the ground that no assignment to Lathrop, and no reassignment by him had been proved. The defendant also claims that the court had no authority to make the order of substitution. There seems to be no reason to doubt the power of the court to make the substitution under section 121 of the Code. Besides, the order for substitution was not appealed from, but the defendant submitted thereto and received the costs awarded to him by the terms of the order, and cannot now question its propriety. The only question upon this part of the case is, whether it was necessary to prove the original assignment to Lathrop and his reassignment to the Tool Company. It is a mere technical question, upon a subject in which the defendant has no interest, except to protect himself against a recovery by a party

not entitled to the demand, whereby he might be exposed to another suit. The motion was made by the attorney for Lathrop, and upon the affidavit of Lathrop himself, and the effect of the order for substitution is simply to strike out of the original complaint the allegation that the cause of action had been assigned to Lathrop, and leave the suit to be prosecuted in the name of the original party to the contract, as though no transfer had ever been made. The question was litigated upon the motion to substitute and then decided, and there is no reason which can be suggested why, in such a case, the new plaintiff should be compelled on the trial, for the purpose of sustaining the order for substitution, to show first a transfer of his interest and then a retransfer, inasmuch as upon the proof as it stood the plaintiff was the party entitled to bring the action as the assured named in the policy, and the defendant has no interest, which can be injuriously affected, nor can he be in any way jeopardized, or exposed to the danger of another recovery. The only other point made by the appellant is founded upon the condition in the policy, to the effect, that the defendant was not to be liable upon the policy, until the premium should be paid. It is well settled that such a condition may be and is waived by the delivery of the policy without exacting the payment of the premium, and that such a delivery imports that a credit is given for the premium. (*Bodine* v. *The Ex. Fire Ins. Co.*, 51 N. Y., 107.) In the case of *Rochner* v. *The Knickerbocker Life Ins. Co.*, referred to by the counsel for the defendant, briefly reported in the New York Weekly Digest (vol. 1, No. 16), it appears that the note which was taken by the insurance company for the premium was payable on a day certain, and expressly provided that the policy was to become void in case the note was not paid at maturity, and it was held that the agreement that the policy should be avoided by a failure to pay the note at its maturity, was a valid agreement and binding upon the parties, unless legally waived or modified. In the present case no day was specified for the payment of the premium, but a general credit was given to the assured for the amount of the premium. It is held in *Boehm* v. *The W. City Ins. Co.* (35 N. Y., 131), that the policy is valid though the premium be not paid, notwithstanding such a condition contained in the policy. This being so, it is difficult to see how the non-

payment of the amount on demand, could have the effect to render the contract void, any more than in the case of any other contract where a credit is given for the payment of a consideration. Perhaps the failure to pay, within a reasonable time after demand, might authorize the Insurance Company to elect to rescind the contract, but in such a case some positive act or notice, to the assured, of the election to rescind, would be requisite in order to effect the rescission. In this case the repeated demand of the money, with notice that unless the premium should be paid, the company would have to cancel the policy, did not amount to an actual rescission, but rather to an admission that the policy continued in force and would remain in force till actual cancellation, and justice to the assured in such a contract would require notice of the cancellation to be given, that the assured might be able to protect himself by another insurance.

The judgment is affirmed.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Judgment affirmed, with costs.