FRANK JUERGENS and another *vs.* WILLIAM THOM.

November 26, 1888.

New Trial—Error in Admitting Evidence not cured by Instructions.
Where, during the course of a trial, improper testimony is allowed to go
before the jury, and its receipt is duly excepted to, it is error for which a
new trial will be granted, notwithstanding subsequent instructions to dis-
regard it, unless from the whole case it is reasonably clear that the party
objecting was not prejudiced.

Same.—Practice discussed, and cases of this class distinguished from others
where such corrections may be made.

Appeal by plaintiffs (assignees of J. F. Seiberling & Co.) from an
order of the district court for McLeod county, *Edson*, J., presiding,
refusing a new trial after verdict for defendant.

*J. V. V. Lewis*, for appellants.

*R. H. McClelland*, for respondent.

VANDERBURGH, J. This action is brought to recover the price of
an "Empire Twine-Binder," sold to defendant in July, 1886, with
warranty. The defence is breach of the warranty, which was in writ-
ing, and was as follows:

"*Warranty.* All our Empire machines are warranted to cut, if
properly managed, an equal amount of grain or grass as any other
machine of same width of cut, and made for a like purpose. The

purchaser is allowed to cut five acres on trial; and, in case anything proves defective, due notice must be given to us or our agent, and time allowed to send a person to put it in order. If it does not work after this, and the fault is in the machine, it will be received back, or that part which proves to be defective will be replaced, or the money paid for it refunded. It is also warranted to be well made, of good material, and, when properly used, not liable to get out of order. Continued possession, without giving notice as above, will be deemed conclusive evidence that the machine fills the warranty.

"J. F. Seiberling & Co."

Among others, one Joseph Phillipi was called as a witness for defendant, and was permitted to testify, against the objections and under the exceptions of plaintiffs, that he purchased a twine-binder of the same kind and manufacture the same year, that it was just like defendant's, and that he made an honest trial to have the machine do good work, and that it did not work well, and that he could not use it for the purpose of cutting and binding grain. It had already appeared, and was admitted, "that he did not know this particular machine." The reception of this evidence, against plaintiffs' objection, was error for which a new trial should be granted, unless it was cured by the charge of the court, in which the court undertook to correct it by assuming to strike out the evidence, and directing the jury to disregard it. This evidence did not relate to the capacity of the machine to cut grain, as compared with other kinds in use, and to which reference is made in the written warranty, but to the quality and mode of operation of the Empire binder, and was calculated to make an unfavorable impression upon the minds of the jury in respect to the character of the machine in controversy. After this evidence had thus been received upon the principal issue, and become a part of the case, resting in the minds of the jury, it would be difficult to determine how far its influence might be counteracted by the direction of the judge in his charge. The complaint is not that the court gave this direction, which was not improper in itself, but that evidence which may have prejudiced the plaintiffs' case with the jury was received against their repeated objections; and the rule in such

cases is that the receipt of improper testimony, duly excepted to, is. ground for a new trial, notwithstanding subsequent instructions to disregard it, unless from the whole case it is reasonably clear that the evidence did not prejudice the party so objecting. *Erben* v. *Lorillard*, 19 N. Y. 299, 302, 303; *Traver* v. *Eighth Ave. R. Co.*, 3 Keyes (N. Y.) 497; *Mowry* v. *Peet*, 88 N. Y. 453; *Green* v. *Hudson River R. Co.*, 32 Barb. 25, 34; *Furst* v. *Second Ave. R. Co.*, 72 N. Y. 542, 546, 547.

The case is to be distinguished from numerous others in which the trial court may limit the application·of evidence, or direct it to be disregarded, which is sometimes done as a matter of discretion, and sometimes may be demanded as a matter of strict legal right by one of the parties. This rule applies where evidence is volunteered by a witness not responsive to a proper question, or where incompetent or immaterial evidence is received without objection, or to which no valid objection appears when offered, but which is discovered, upon subsequent proof, to be incompetent or secondary or immaterial evidence. *Platner* v. *Platner*, 78 N. Y. 90, 101, 102; *Miller* v. *Montgomery*, Id. 282; *Hamilton* v. *New York Central R. Co.*, 51 N. Y. 100, 107; *Marks* v. *King*, 64 N. Y. 628; *Linsday* v. *People*, 63 N. Y. 143, 154, 155; *Ward* v. *Preston*, 23 Cal. 468; *Union Water Co.* v. *Crary*, 25 Cal. 504, 510, (85 Am. Dec. 145;) *People* v. *Hoy Yen*, 34 Cal. 176. In such cases the court commits no legal error in allowing the question or receiving the evidence in the first instance, and the question whether it shall subsequently be stricken out, or directed to be disregarded, becomes an independent one, to be determined on its own merits. Had the evidence in question here been received without objection, there would have been no error for plaintiffs to complain of, either in the reception of the testimony, or the subsequent action of the court in regard to it. But as it was erroneously received, against their objections, they are entitled to the benefit of their exception, if the case is one (as we think it is) where the evidence would be likely to prejudice their case with the jury. Of course, a party may waive his exception in such cases by moving or consenting to have the evidence previously objected to stricken out. *Furst* v. *Second Ave. R. Co.*, 72 N. Y. 542, 546.

2. The question put to the witness Hiller, to which plaintiff's objection was overruled, was not improper nor was his direct answer thereto, and his subsequent testimony does not appear to have been objected to; but, for the purposes of another trial, it is proper to say that it having appeared that the witness had been in the machine business, and had handled and was acquainted with the Empire machine, in so far as he attempted to explain the purpose and use of certain parts of this machine, as described to the jury by the witnesses, and the operation of the same while it was engaged in harvesting and binding, it would seem to be competent and material. He could not properly, under the issues, make a comparison of the relative merits of this and other machines. As to evidence of the working of other machines, see *Frohreich* v. *Gammon*, 28 Minn. 476, 483, (11 N. W. Rep. 88;) *Paulson* v. *Osborne*, 35 Minn. 90, (27 N. W. Rep. 203;) *Osborne* v. *Carpenter*, 37 Minn. 331, (34 N. W. Rep. 163.)

Order reversed.