STATE OF MINNESOTA v. ERICK ALLRICK.[1]

June 25, 1895.

Nos. 9291—(74).

**Bastardy—Evidence.**

In a prosecution for bastardy, where the undisputed evidence was that the child was fully developed at its birth, the defendant was entitled to an instruction that it must have been begotten more than 235 days before that date.

**Same.**

Where the evidence tended to prove that the complainant had intercourse with another man at or about the time the child must have been begotten, and about the time she testified to having intercourse with the defendant, the defendant was entitled to an instruction that even if he had intercourse with complainant, as alleged, yet unless the jury found, from a preponderance of evidence, that such intercourse resulted in pregnancy, they must find defendant not guilty.

[1] Reported in 63 N. W. 1085.        [2] Buck, J., absent, took no part.

Appeal by defendant from an order of the district court for Mower county, Whytock, J., denying a motion for a new trial. Reversed.

*Henry J. Gjertsen*, for appellant.

*French & Wright* and *S. D. Catherwood*, for respondent.

MITCHELL, J.[2]   This was a prosecution under the bastardy act (G. S. 1894, c. 17, § 2039 et seq.).   The female, in her complaint, alleged that the child was begotten on September 9, 1892.   The uncontradicted evidence was that the child was born on March 24, 1893, and was at the time of its birth "a full-grown child, and weighed nine pounds." Upon the trial the female testified that the first time she had intercourse with the defendant was between 3 and 4 o'clock in the afternoon of Sunday, June 19, 1892; that the next time was on August 1; that there were two other times during the summer after August 1,—four times in all; that the last time was in the second week of September, 1892.   She then testified that she discovered the last of June that she was pregnant. The defendant testified that he did not have any sexual intercourse with the complainant on June 19, or at any time during the months of June and July, or at any time previous to August 15, 1892.   There was evidence tending to prove that the complainant had intercourse with another man on June 22, 1892, but the above was all the evidence as to her intercourse with the defendant.

Upon this state of the evidence, counsel for the defendant requested the court to instruct the jury, in substance, (1) that if they found that he did not have intercourse with the complainant previous to July 1, 1892, they must find him not guilty; (2) that even if they found that he had intercourse with her in June, 1892, yet unless they found, from a preponderance of evidence, that such intercourse resulted in pregnancy, they must find defendant not guilty. These requests were both refused, and such refusals are assigned as error.   We are of opinion that, under the state of the evidence, both requests should have been granted.

It cannot be assumed, for the purpose of convicting the defendant, that the complainant testified falsely.   He must be convicted, if at all, on the evidence actually given in court.   The complainant definitely fixed the date of her first intercourse with defendant

[2] Buck, J., absent, took no part.

on June 19, and the next on August 1. The duration of pregnancy in woman, assuming the delivery is not premature, is, according to general medical and popular observation, about 9 calendar months, or, to be more precise, 10 lunar months, or 280 days. Some medical authorities fix the average at 276 days. All the authorities agree that the length of time varies somewhat, being sometimes greater and sometimes less than the usual or average period. Hence, within certain limits, the time when a child was begotten is a question of fact. But the shortest known period of gestation, in a case of a fully-developed child, is considered to be about 260 days, while in some exceptional cases gestation has been protracted to about 300 days. If this child was begotten on or after August 1, then the period of gestation could not have exceeded 235 days, or from 40 to 45 days less than the usual period. It is a matter of common knowledge, of which we have a right to take judicial notice, that if the period of gestation was only 235 days, or less, the delivery would be premature, and the child would not be fully developed at its birth. Hence, upon the evidence, the court could and should have held, as a matter of law, that this child was not begotten after August 1.

If the evidence had tended to show that the illicit intercourse between the complainant and the defendant had been repeated at short intervals from and after June 19, the first request would have been properly refused. But, as the evidence stood, the request was equivalent to one to instruct the jury that, if they found that defendant had no sexual intercourse with the complainant before August 1, they must find him not guilty. As, under the evidence, the child must have been begotten before that date, such an instruction ought to have been given.

2. The second request should also have been granted. The evidence tended to show that the complainant had intercourse with another man at or about the very time the child was presumably begotten, and only three days after she testified that she had intercourse with the defendant. The charge against the defendant was not fornication, but the paternity of the child. Although he had intercourse with the complainant in June, yet if such intercourse did not result in pregnancy, or if the state failed to prove it by a fair preponderance of evidence, the defendant was entitled

v. 61m.—27

to an acquittal. If there had been no evidence of her intercourse with any one but defendant, there would have been no difficulty in drawing the conclusion that he was the father of the child. But, if she had exposed herself to the embraces of other men at or about the time she became pregnant, she had placed it out of her power, or that of the jury, to say who was the father of the child. At least, if the jury were unable to determine from a preponderance of evidence that defendant was the father of the child, they were bound to find him not guilty, and the court ought to have so instructed them.

There are other assignments of error, but, as there must be a new trial for the reasons already given, it becomes unnecessary to refer to them, except to say that we find no other prejudicial error in the record.

Order reversed.

[1] Reported in 63 N. W. 1091.    [2] Buck, J., absent, took no part.