STATE v. JOHN DOMISH.[1]

February 9, 1923.

No. 23,251.

**When question of protracted gestation may be one for the jury.**
1. Medical testimony and authorities being in conflict as to whether the birth of a child may result 325 days after intercourse, the question became one of fact and not of law, in this, a filiation proceeding.

**Reversal of verdict after two trials.**
2. Where two juries have determined a pure question of fact the same way, and the trial court approves the last verdict, an appellate court should not interfere unless convinced that the evidence supporting the verdict is palpably insufficient.

Defendant was charged with being the father of an illegitimate child, tried in the district court for Otter Tail county before Parsons, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict of guilty. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brown & Dell,* for appellant.

*Clifford L. Hilton,* Attorney General and *Anton Thompson,* County Attorney, for respondent.

HOLT, J.

In a bastardy proceeding defendant was found guilty, and he appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

The only question presented is whether the jury could find that the child born to the complaining witness on June 3, 1920, was begotten by defendant on July 14, 1919. There is no claim by the prosecution

[1]Reported in 191 N. W. 1002.

of any illicit relations with defendant subsequent to last-named date. The other facts of which mention need be made are: The complaining witness testified that the intercourse took place on the second day of her menstrual period; that then the flow suddenly ceased, but recurred at the next regular time to a slight extent for two days only; and that the weight of the child at birth was estimated at 12 to 13 pounds, but no physical indications upon the child showing protracted gestation were testified to.

The ordinary period of gestation is 280 days, but it varies. In State v. Allrick, 61 Minn. 415, 63 N. W. 1085, the variation was said to be between 260 and 300 days. But it is to be noted that the question of the limit of protracted gestation was not involved therein. In this case, if defendant can be held the father of the child, the evidence must justify the jury in finding that the act of intercourse testified to by the complaining witness resulted in the birth of a child 325 days thereafter. The question is one of fact. State v. Allrick, supra. In People v. Hill, 152 Ill. App. 78, it is said: "The statement in People v. Pike, 34 Ill. App. 112, that the usual duration is from 260 to 308 days, is not the statement of a rule of law but of a rule of nature, subject to many exceptions of which the court takes judicial notice." In the case of State v. Banik, 21 N. D. 417, 131 N. W. 262, the court held a request to charge that the period of gestation varied from 249 to 285 days was properly denied, because the testimony of physicians showed that "a child born 210 days after conception might survive, and that cases were on record in which children were not born until 313 days after conception." There was testimony in this case to the effect that many days may elapse between intercourse and conception. And in Mayer v. Davis, 119 App. Div. 96, 103 N. Y. Supp. 943, Justice Gaynor says: "The period from intercourse to delivery may not be identical with that of gestation, but much longer." See also Commissioner of Pub. Charities v. Leary, 144 App. Div. 283, 129 N. Y. Supp. 148; State v. Law, 93 Kan. 357, 144 Pac. 232. Four doctors testified in this case; two of whom gave the opinion that under the conditions testified to by the complaining witness, the intercourse of July 14 might result in the birth of a child on June 3 following. The other two

expressed the opinion that it was not possible. Each side cite medical authorities. Instances are given and opinions quoted in 2 Taylor, Principles and Practice of Med. Jurisprudence (7th ed.) pp. 53-61 and 92-99; Wharton & Stilles Med. Jurisprudence pp. 28, 33; and 2 Witthaus & Becker, Medical Jurisprudence pp. 270-277. We find there cases given of longer periods of gestation than 325 days.

Two juries found defendant guilty. A new trial was granted after the first verdict, because the learned trial court recognized this to be an exceptional case. The record now before us evidences a diligent and painstaking effort by counsel for defendant to present to the jury all the available physiological facts and theories of medical science, bearing upon the conditions for the conception and birth of a human being, that would tend to refute the charge against his client; nevertheless, the jury found the child his. And, since the evidence discloses that there are authenticated cases, even though rare, of protracted gestation as long or longer than the one here claimed, this court is not authorized to say that the instant case is not one of these exceptional cases. This is especially so since two trial jures have reached the same result, and the last verdict has the approval of the court below. We, therefore, think this is a case where an appellate court should not interfere unless convinced that the evidence is palpably insufficient to sustain the verdict. We are not so convinced. Buenemann v. St. Paul, M. & M. Ry. Co. 32 Minn. 390, 20 N. W. 379; Atwood Lumber Co. v. Watkins, 94 Minn. 464, 103 N. W. 332; Thill v. Freiermuth, 139 Minn. 78, 165 N. W. 490. We do not feel called upon to go more in detail into the evidence or discuss the medical theories pro and con with reference to the conditions and times at which conception may take place. This all bears upon a pure question of fact in the case. There is no established rule of law or of evidence that withdraws this question of fact from the jury.

Appellant cites in re Estate of McNamara, 181 Cal. 82, 183 Pac. 552, 7 A. L. R. 313, where the court held that "the conclusive presumption of legitimacy does not prevail where a child was born an exceptional time after separation of husband and wife, although the period was a possible one." There the proof established the non-

access of the husband for a period of 304 days prior to the birth of the child. In People v. Farina, 134 App. Div. 110, 118 N. Y. Supp. 817, the defendant was charged with rape. The law of New York required corroboration of the complaining witness, and it was held that the birth of a child to her was not corroboration of the assault by the defendant, unless such birth occurred within the ordinary time of gestation after the assault. The case was a criminal case and required proof of guilt beyond a reasonable doubt. Neither case is in point here.

The order is affirmed.