## STATE v. FRANK WATZEK.[1]

March 7, 1924.

No. 23,841.

**Declaration of mother in travail inadmissible in bastardy proceeding.**
1. The declaration of a woman in travail, that the defendant was the father of her child, is not admissible in support of a prosecution under chapter 489, Laws 1921.

**No prejudice when such declaration is stricken out during trial and jury told to disregard it.**
2. The defendant was not prejudiced by the admission in evidence of such a declaration when, before the trial ended, the court struck it out and directed the jury to disregard it.

**Exclusion of testimony in rebuttal not required.**
3. The exact date when the child was begotten was not so material as to require the court to exclude testimony in rebuttal by the complainant, that the child was begotten on a certain occasion definitely shown, the witnesses differing only as to the date.

**Defendant not prejudiced by questions put to witness.**
4. Defendant was not prejudiced by questions put to one of the witnesses for the state to show ill-will on the part of the witnesses towards the complainant.

[1]Reported in 197 N. W. 669.

**Requested instruction properly refused.**
>    5. Defendant's request for an instruction, that the child was fully developed at birth and could not have been begotten after a certain date, was properly refused.

Proceeding in bastardy in the district court for Rice county. Defendant was tried before Senn, J., and a jury which found him guilty as charged. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*H. G. Dressel* and *Moonan & Moonan*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Lucius A. Smith*, County Attorney, for respondent.

LEES, C.

Appellant was tried on the charge of being the father of the illegitimate child of a young woman 26 years of age, was found guilty and has appealed from an order denying his motion for a new trial,

There was ample evidence to justify the jury in finding the appellant guilty, and we pass directly to the principal questions discussed in the briefs.

Over objection, the midwife who attended the mother when the child was born testified that while in travail she said appellant was the father of her child. The objection should have been sustained. State v. Spencer, 73 Minn. 101, 75 N. W. 893. To render the mother a competent witness in bastardy proceedings and as a prerequisite of such proceedings, the statutes of some states make it necessary that, during her time of travail, she should accuse the defendant of being the father of her child and should remain constant in her accusations, and in other states such declarations are admissible even in the absence of such statutes. 3 R. C. L. p. 762; 7 C. J. p. 990. There appear to be valid reasons to support the rule, but the question is set at rest in this jurisdiction and we will not re-examine it.

The error in the ruling was cured when the trial judge struck out this portion of the midwife's testimony before the trial ended and

instructed the jury to disregard it. The contention that the impression it made upon the minds of the jurors could not be removed and that appellant was prejudiced notwithstanding the court's admonition cannot be sustained. Appellant relies on Juergens v. Thom, 39 Minn. 458, 40 N. W. 559; Dugan v. St. Paul & D. Ry. Co. 43 Minn. 414, 45 N. W. 851; State v. Yates, 99 Minn.. 461, 109 N. W. 1070; Crowley v. Burns B. & Mnfg. Co. 100 Minn. 178, 110 N. W. 969; and Evans v. Chicago M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335, but in these cases and many others the rule is recognized that the admission of improper testimony is not ground for a reversal, if it is reasonably clear that the party objecting was not prejudiced. This is such a case. The child was born on April 15, 1922. On March 10, 1922, complainant told appellant that she was with child by him. On March 20, 1922, she signed the complaint against him. Throughout the trial she testified consistently that he was the father of her child. The testimony of the midwife was merely cumulative. It added little, if anything, to the weight of the evidence against appellant. Errors in the admission or exclusion of evidence will occur, and, when the trial judge does all that can be done to correct the error, this court should be slow to order a retrial.

In her testimony in chief the complainant fixed the date of her only intercourse with appellant between the ninth and thirteenth of August, 1921. She related the circumstances under which appellant visited her on the occasion in question. She was then employed as a domestic in the family of a farmer named Schwartz. Appellant was a farm hand, working on a neighboring farm. He admitted the visit, but fixed July 22, 1921, as the date. He also admitted that he and the complainant were together in the yard of the Schwartz farm from 9 until 10 o'clock in the evening, after all the members of the Schwartz family had gone to bed, but he denied that he had intercourse with her then or at any other time or place. The testimony of Schwartz and his wife was to this effect. Schwartz fixed July 30 as the date, and his wife, the twenty-seventh, twenty-eighth or twenty-ninth of July. There was no dispute about the visit, but there was a dispute as to the date.

After the testimony in chief had been given on both sides, the state recalled the complainant, who testified that appellant did not visit her on July 22, that it was between the ninth and thirteenth of August, and, over objection, that on the occasion of his visit, whenever it occurred, the child was begotten. Appellant's complaint is that in receiving this testimony the court permitted the state to change its position; that, having charged in the complaint that the child was begotten on or about August 9, and having supported the allegation by complainant's testimony in chief, it was bound to prove that the child was begotten at the time alleged. The exact date was not important. The question was whether or not appellant was the father of the child. State v. Ryan, 78 Minn. 218, 80 N. W. 962. All the witnesses agreed as to the circumstances of appellant's visit. They differ only as to the time and as to appellant's conduct with complainant. She may have been mistaken about the date. She cannot be about his acts. Either he or she deliberately testified falsely as to that, and this was the only vital issue in the case. The state did not shift ground with respect to that issue and we see no error in the admission of complainant's testimony in rebuttal.

The county attorney asked Schwartz whether any other men visited the complainant while she was in his employment, and he answered that one evening near the end of June or the beginning of July two boys who worked for a neighbor came to see her and that she went out of the house and met them. This incident was enlarged upon by appellant's counsel in the cross-examination of Schwartz. In the re-direct examination the county attorney asked the witness whether he had trouble with the complainant before she left his employment. Objection was interposed on the ground that the state could not impeach its own witness. The objection was overruled and Schwartz answered that his wife discovered that complainant had taken some things not belonging to her and had discharged her, and that complainant had used vulgar language when his wife objected to her being out at night with the two young men. The county attorney should not have been allowed to examine Schwartz as an adverse witness or to affect his credibility

by showing ill-will towards complainant. But it seems clear that the whole matter was of so little moment that it could not injure appellant's case. Schwartz's testimony that other young men had called on complainant and that she was dishonest and used language from which it might be inferred that she was unchaste, was favorable to appellant. In bringing out these facts, the state was helping, not hurting, his case.

Upon the authority of State v. Allrick, 61 Minn. 415, 63 N. W. 1085 the court was requested but refused to give the following instruction:

"You are instructed that if this child was begotten between the 9th and 13th of August, 1921, and was born April 15, 1922, then the period of gestation could not have exceeded 249 days, or 27 days less than the usual period. It is a matter of common knowledge, of which we have a right to take judicial notice, that if the period of gestation was only 249 days or less, the delivery would be premature, and the child would not be fully developed at birth. The evidence in this case shows conclusively that the child was fully developed and stands uncontradicted. Hence on this evidence you are instructed that this child was not begotten after July 30th, 1921."

State v. Wiebke, 154 Minn. 61, 191 N. W. 249, and State v. Domish, 154 Minn. 512, 191 N. W. 1002, should be read in connection with State v. Allrick. The court would not have been justified in stating that, if the period of gestation was only 249 days, the child would not be fully developed at birth. Neither was the state of the child's development shown so conclusively as to have warranted an unqualified instruction that it was not begotten after July 30, 1921.

Order affirmed.