## STATE v. HENRY KLOSTER.[1]

April 11, 1924.

No. 24,077.

**Conviction sustained.**

1. The evidence sustains the verdict finding the defendant guilty of carnal intercourse.

**Denial of new trial sustained.**

2. There was no error in denying a new trial asked upon the ground of newly discovered evidence.

Upon information filed by the county attorney of Nobles county, defendant was charged with the crime of carnal knowledge of a woman under the age of 18, tried in the district court for that county before Nelson, J., and a jury which found him guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Mundt & Mundt* and *E. H. Canfield*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *John F. Flynn*, County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of carnal intercourse with a woman

[1]Reported in 198 N. W. 296.

under the age of 18 years. He appeals from the judgment and from an order denying his motion for a new trial.

1. The act of intercourse is alleged to have taken place in an automobile on a Sunday night in the latter part of February, 1923. The defendant was taking the woman to her home in the country after the picture show in a nearby village. The woman's story, on its face not altogether satisfactory, satisfied the jury, and is to some extent supported by other testimony. There is evidence of her relatives that she and the defendant left the village in an auto. There is evidence from a like source that the defendant, when accused of wronging the woman, partially or perhaps substantially admitted it.

The defendant denied the occurrence. He offered evidence that on the night in question he was at the show with another person. The evidence on this point as we get it from the record is persuasive. There is evidence that the woman's reputation for truth and veracity was bad. The evidence, however, made a jury question. State v. Dahl, 151 Minn. 318, 186 N. W. 580; State v. Wiebke, 154 Minn. 61, 191 N. W. 249.

2. One ground of the motion for a new trial is newly discovered evidence.

Something more than 50 affidavits are presented. To a considerable extent they are concerned with matters that are immaterial to the issue, and many of the facts included in them would not be received on a new trial if objection were made. Considerable of the proposed new evidence is cumulative. Some of it might have been produced at the trial. One item is stressed of which we make brief mention. The intercourse alleged in the indictment was on February 25, 1923. The trial commenced and was concluded on October 29, 1923. The woman testified that she was then with child from the intercourse alleged. Her child, according to the affidavits, was born on October 30, 1923, and was fully developed. The state does not combat this, although if the fact were otherwise the evidence of it was apparently at hand. This gives a period of 247 days. Evidence as to the facts mentioned might have

been considered by the jury as discrediting the plaintiff's story. State v. Domish, 154 Minn. 512, 191 N. W. 1002, and cases. But a majority of the court do not think that this additional evidence requires, alone or in connection with other evidence, a new trial. Whether a new trial should be had for newly discovered evidence is in a large measure discretionary with the trial judge. Necessarily he is in better position to judge of its force than an appellate court. There was no error in denying the motion for a new trial upon the ground of newly discovered evidence.

The record presents no question of error in refusing evidence of intercourse by the young woman with other men. There was no offer of proof, and no proper evidence was excluded.

The charge was clear and entirely fair to the defendant, as was the trial throughout. The trial judge, in much better position to determine the merits than are we, expresses his approval of the verdict. Reading the printed record alone, without the advantage which comes to the presiding judge from a participation in the trial, some of the justices think it would have been well for the trial court to grant a new trial; but all agree that under our system of procedure which leaves the facts to the jury, whose verdict is subject to the supervision of the trial judge who may set it aside if it seems likely that injustice has been done, this court should not interfere because of the claimed insufficiency of the evidence. There is substantial evidence in proof of the offense. The jury was satisfied and the trial court approves its finding. The conviction should not be disturbed.

Order and judgment affirmed.