## STATE v. ALOIS PUMPER.[1]

January 30, 1925.

No. 24,373.

**Verdict sustained by evidence.**
>    In a bastardy proceeding the record examined and *held* that the
> evidence sustains the verdict of the jury.

Defendant was charged with being the father of an illegitimate child, tried in the district court for Le Sueur county before Tifft, J., and a jury which found him guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Charles C. Kolars*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *L. W. Prendergast*, County Attorney, for respondent.

PER CURIAM..

Defendant was found guilty in bastardy proceedings and he now appeals from an order denying his motion for a new trial.

The only question presented is as to the sufficiency of the evidence. The complainant testified that she had intercourse with defendant January 2, 1923, and that as a result thereof her child was born September 17, 1923, or 258 days after the act of intercourse, fully developed. She testified that her last regular menstruation was about December 5, 1922, that her menstruation in early January, 1923, "didn't amount to anything." Defendant denies the charge against him. The evidence is conflicting. The girl is corroborated by members of her family who talked to defendant and they say he made statements in the nature of admissions. Defendant contends that he is corroborated by the fact, if several things occurred as related by the girl, that it is unusual or exceptional. That may be. There is evidence tending to show that the period from intercourse to delivery of the child is not

[1]Reported in 201 N. W. 938.

necessarily identical with the period of gestation. The period of gestation is not a matter to be determined by exact mathematical calculation from the date of intercourse and the facts incident thereto are well within the field of consideration for the jury. These questions and others discussed in the briefs all center around the one question of fact, namely, whether the defendant is the father of the child. The circumstances, exceptional occurrences, as well as the direct testimony, were all worthy of consideration by the triers of fact. They are not sufficient to call for interference by this court. State v. Domish, 154 Minn. 512, 191 N. W. 1002; State v. Wiebke, 154 Minn. 61, 191 N. W. 249; State v. Watzek, 158 Minn. 351, 197 N. W. 669. We have carefully examined the record and are of the opinion that the evidence is sufficient to sustain the verdict.

Affirmed.