STATE v. GUY HARRIS.[1]

July 2, 1926.

No. 25,432.

**Bastard.**
Sufficient for court to charge that jury must find as facts that accused had sexual intercourse with complaining witness and that child was begotten as result of that intercourse but, if unable to determine from preponderance of evidence that defendant is its father, jurors are to find him not guilty—Court is not required to state the argument which supports its charge.  [Reporter.]

Bastards, 7 C. J. p. 994 n. 52; p. 995 n. 58; p. 998 n. 6 New, 7; p. 999 n. 36 New; p. 1009 n. 90.

See notes in 14 L. R. A. (N. S.) 733; L. R. A. 1916B, 969; 3 R. C. L. p. 763; 1 R. C. L. Supp. p. 890; 4 R. C. L. Supp. 216.

See note in L. R. A. 1917B, 1148; 3 R. C. L. p. 764; 1 R. C. L. Supp. p. 891; 4 R. C. L. Supp. p. 216.

Defendant, charged with being the father of an illegitimate child, was tried in the district court of Winona county before Finkelnburg, J., and a jury and found guilty. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*H. M. Bierce* and *F. E. Withrow,* for appellant.

*Clifford L. Hilton,* Attorney General, and *Morris J. Owen,* County Attorney, for respondent.

PER CURIAM.

In a bastardy proceeding the defendant was found to be the father of an illegitimate child and appeals from the order denying his motion for a new trial.

The evidence sustains the finding of the jury. The prosecutrix testified to the fact of intercourse. She was corroborated. There was no denial of it. The defendant was not a witness. There was evidence, denied by the prosecutrix, of intercourse with another man a few days before that with the defendant. The jury could find the fact one way or the other.

The court instructed the jury as follows:

[1]Reported in 209 N. W. 887.

"Now, the court instructs you that in order to find that the defendant, Guy Harris, is the father of this child it is not sufficient for you to find, as a fact, that the defendant had sexual intercourse with the complaining witness * * * as alleged, but you must also find as a fact that this child was begotten as a result of that sexual intercourse."

And in the same connection:

"The court instructs the jury that if the jury is unable to determine from the preponderance of the evidence that the defendant is the father of the child, they are bound to find him not guilty."

These instructions were in harmony with the holding in State v. Allrick, 61 Minn. 415, 416, 63 N. W. 1085, 1086, where, under somewhat similar circumstances, the refusal of a similar instruction was held error. The defendant requested the following instruction, which was refused:

"The court instructs the jury that if the evidence tends to show that the complaining witness had sexual intercourse with another man at or about the very time the child was presumably begotten, then she placed it out of her power or that of the jury to say, who is the father of the child."

This instruction is predicated on the statement of the court in the Allrick case, in discussing the instruction and in the way of an argument holding the refusal of it error, as follows:

"But, if she had exposed herself to the embraces of other men at or about the time she became pregnant, she had placed it out of her power, or that of the jury, to say who was the father of the child." And concluding the court said: "At least, if the jury were unable to determine from a preponderance of evidence that defendant was the father of the child, they were bound to find him not guilty, and the court ought to have so instructed them."

The jury was sufficiently instructed. Clearly the court was not required to state the argument which supported the instruction. It was proper for counsel for the defendant to urge it to the jury in arguing the fact.

The defendant makes something of an incident claimed to have occurred immediately after the close of the testimony, and as the jury were passing from the jury-box. One of the jurors, it is claimed, asked the county attorney if they could not see the child, and was informed that they could not; and then, it is claimed, one of the jurors asked where the child was, whereupon the mother held it up and some of the jurors had an opportunity of seeing it. There was no request that the court give the jury a cautionary instruction. The incident was passed. Indeed the court does not certify what occurred. There is nothing to be done now.

The case was fairly tried. As in many cases of this kind there may be grave doubt and uncertainty of the defendant's guilt, but it was a question for the jury under the guidance of the trial court and subject to corrective supervision.

Order affirmed.