CHARLES D. DEAN *vs.* ST. PAUL UNION DEPOT COMPANY.

August 5, 1889.

Depot Company — Liability for Assault on Traveller by Servant of Lessee of Parcel-Room.—From the complaint herein, and a stipulation by consent considered with it, it appears that the defendant corporation is organized for the express purpose of furnishing depot and station-house accommodations at the city of St. Paul for the use of such railway corporations as enter into contract with it; that it leases a room in its depot building to a tenant, who therein carries on the business of storing for hire the parcels and light baggage of travellers; that plaintiff arrived at said depot by rail, and as a passenger, and proceeded to said room for the purpose of temporarily storing his valise, and was there wilfully and maliciously assaulted and beaten by an employe of defendant's tenant. It is further charged that this employe was a man of savage and vicious propensities, who had frequently, during the six years of his employment there, attacked and beaten persons lawfully upon the premises, and that all of this was well known to the defendant corporation on the day of the attack upon the plaintiff. *Held,* that the complaint, in connection with the stipulation, states a good cause of action.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, sustaining a demurrer to the complaint.

*Davis, Kellogg & Severance,* for appellant.

*Cole, Bramhall & Morris, I. V. D. Heard,* and *John D. O'Brien,* for respondent.

COLLINS, J. The plaintiff appeals from an order sustaining defendant's demurrer to the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action. From said complaint, and a stipulation as to certain facts, made by the parties and by agreement considered as if the facts therein stated had been a part of the pleading demurred to, it appears that the defendant is a do-

mestic corporation, organized for and engaged in the business of furnishing and conducting a union depot and station-house in the city of St. Paul, in which several lines of railway deliver and receive passengers by virtue of their contracts with defendant; that on May 17, 1888, plaintiff reached said depot as a passenger upon one of the said roads, and, with the intention of pursuing his journey to a point beyond by another road, entered the station-house, approached the parcel-room therein, leased by defendant to a tenant who operated and controlled it, for the purpose of checking his valise, and was there maliciously attacked and beaten by the man in charge, who was in fact the employe of defendant's tenant. The complaint further alleges that this employe was of vicious temper, of bad character, and had frequently, in a wilful and malicious manner, assaulted and beaten people lawfully upon the premises during the six years he had been employed in said parcel-room, all of which was well known to defendant on the day of the attack upon plaintiff.

In support of its demurrer the defendant corporation contends—*First*, that it owed no duty whatever to the plaintiff, because no contractual relation existed between the parties; that therefore he must look to the railway company whose passenger he was, or had been, for compensation for his injuries; *second*, if it should be held that the duties imposed by railway companies towards their arriving and departing passengers have been assumed by the defendant, it is not responsible in this case, because the alleged assault was not committed by one of its servants or employes, but by the employe of a tenant who was engaged in an independent business, wholly disconnected from that of a common carrier of passengers, and conducted solely for the accommodation and convenience of those who chose to patronize the room, and pay for the privilege of having their parcels temporarily taken care of; *finally*, if these positions prove untenable, it is argued that the assault of the employe was for purposes of his own, outside of his occupation, in disregard of the object for which he was employed, not committed in execution of it, and therefore in no event can the defendant be held responsible.

It has been announced by this court in *Ahlbeck* v. *St. Paul, M. & M. Ry. Co.*, 39 Minn. 424, (40 N. W. Rep. 364,) that in respect to

the handling and care of baggage the relation between the defendant corporation and the carriers who use its depot is that of principal and agent; but, under the allegations of the complaint now before us, it is not essential to determine the precise relations existing between the defendant (organized for the special purpose, and under contract, to furnish to certain railway corporations proper and adequate depot and station-house accommodations for those who are entitled to use the same,) and the plaintiff, who, arriving upon the train of one of these carriers, remained its passenger until he had an opportunity, by safe and convenient means, to leave the cars, the railway, and the station-house. *Warren* v. *Fitchburg R. Co.*, 8 Allen, 227, (85 Am. Dec. 700.) Nor is it necessary to pass upon the contention of the defendant that, whatever duty it owed the plaintiff as a passenger, it cannot be held liable for the wilful act of the servant and employe of one who had leased a room in its depot building for the purpose of carrying on an independent business, not required of the carrier of passengers, and conducted by a tenant solely for the convenience of the travelling public. Nor, as we regard the pleading, need we consider the final position assumed by defendant, that the master is not responsible for the wilful acts of his servant, performed outside of his employment, not in execution of it, and for purposes of his own, although the subject has been referred to in *McCord* v. *Western Union Tel. Co.*, 39 Minn. 181, (39 N. W. Rep. 315,) in which is mentioned, approvingly, the case of *Stewart* v. *Brooklyn & Crosstown R. Co.*, 90 N. Y. 588, whereby *Isaacs* v. *Third Ave. R. Co.*, 47 N. Y. 122, relied upon by the respondent, was, in effect, overruled.

This complaint, considered in connection with the stipulation, charges that the defendant knowingly and advisedly permitted its tenant to keep in his employ for more than six years, in its depot building into which it encouraged people to come, and was under contract to admit the plaintiff as an arriving passenger, a man of savage and vicious propensities, and who had, during said period of six years, frequently assaulted and beaten persons lawfully upon said premises, and who, upon the day named, attacked and beat the plaintiff without provocation. Whatever obligation otherwise, by virtue

of its contract with the carrier, rested upon the defendant as to the plaintiff, it is manifest that it was bound to use ordinary care and diligence to keep its premises in a safe condition for those who legitimately came there. It had no more right, therefore, to knowingly and advisedly employ or allow to be employed, in its depot building, a dangerous and vicious man, than it would have to keep and harbor a dangerous and savage dog or other animal, or to permit a pitfall or trap into which a passenger might step as he was passing to or from his train.

Order reversed.