ELLA CORRIGAN v. WILLIAM H. ELSINGER and Others.[1]

August 1, 1900.

Nos. 12,158—(234).

### Independent Contractor or Servant—How to Distinguish.

The test to determine whether the person who negligently causes injury to another was acting as an agent or employee of the person sought to be charged, or as the servant of an independent contractor, or as such independent contractor, is, did the person so sought to be charged for the negligent act have the right to control the conduct of the wrongdoer in the manner, or as to the time or place, of doing the act resulting in the injury?

### Respondeat Superior.

Where the person so sought to be charged has such control over the conduct of such wrongdoer, whether he be working under him or as an independent contractor, the doctrine of respondeat superior applies.

### Duty of Shopkeeper.

A shopkeeper, so long as he keeps his shop open to customers, and invites and permits them to enter therein to trade, owes a duty to such customers to keep his store and place of business in a reasonably safe condition, and free from danger of personal injury; and he cannot avoid this duty, or be relieved therefrom, by permitting an independent con-

1 Reported in 83 N. W. 492.

tractor to enter his store at such time to perform a contract with the shopkeeper.

## Same—Respondeat Superior.

As to such contractor, or those working under him, the doctrine of respondeat superior applies, and the shopkeeper is liable to one of his customers for any injury negligently caused by them.

## Verdict Sustained by Evidence.

Evidence *held* sufficient to take the case to the jury, and the verdict is sustained.

Action in the district court for Ramsey county to recover $31,500 damages for personal injuries. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Morton Barrows,* for appellants.

The gist of the action is injury proximately caused by the legal fault of defendants. The injury, if any, was caused solely by the acts, negligent or otherwise, of an independent contractor. One who undertakes to achieve a certain result, free from dictation or interference, is "an independent contractor"; and, in general, the principal or employer is not liable for the negligence of such independent contractor or of his subagents while the work is in progress. Waters v. Pioneer Fuel Co., 52 Minn. 474; Sproul v. Hemmingway, 14 Pick. 1; Singer Mnfg. Co. v. Rahn, 132 U. S. 518; Wood, M. & S. (2d Ed.) 598–612; Wharton, Neg. (2d Ed.) §§ 181, 182; 1 Lawson, R. R. & P. §§ 295–299; Atlantic T. Co. v. Coneys, 51 U. S. App. 570; Stephen v. Commissioners, 3 Ct. Sess. Cas. (4th Ser.) 535, 542; 1 Shearman & R. Neg. (4th Ed.) § 165. The defense of independent contractor is not, however, available in every case. The exceptions may be grouped as follows: 1. Where the employer has been guilty of negligence in selecting the contractor. 2. Where the work to be done involves a breach of the law. 3. Where, in the circumstances, the employer or principal is charged with the performance of an absolute, personal duty. Only the third class of exceptions requires examination.

An absolute duty is sometimes imposed on the principal, which he cannot escape under the plea of independent contractor. Such duty may be imposed by contract, statute, or general law. Pye v. Faxon, 156 Mass. 471; Kollock v. City, 84 Wis. 458; Lancaster v. Rhoads, 116 Pa. St. 377. It exists also where the work to be done is intrinsically dangerous or of such character that reasonable regard for safety of third persons requires unusual precautions. If the present case furnishes any objection to the admissibility of the defense of independent contractor, it must lie in the last exception. The work was not of such character that a reasonably prudent man would anticipate that ordinary care in its performance would not be sufficient to prevent injury to customers. Thompson v. Lowell, 170 Mass. 577; Knottnerus v. North Park, 93 Mich. 348; Water Co. v. Ware, 16 Wall. 566. To support the order appealed from it must be held that injury to customers in the store of defendants was naturally and presumably incident to moving the counter, that the injury resulted directly from the acts which the contractor agreed and was authorized to do, and that it was not caused by personal negligence of the men who were actually doing the work. The converse is equally true, viz.: If it should appear that the injury resulted from personal negligence of the servants of the Blossom Company and not as a direct and necessary result of the work contracted to be done, defendants could not be held liable. See De Forrest v. Wright, 2 Mich. 368; Riedel v. Moran, 103 Mich. 262; Rait v. New England F. & C. Co., 66 Minn. 76; McCarthy v. Second, 71 Me. 318; Galloway v. Chicago, M. & St. P. Ry. Co., 56 Minn. 346.

*C. D. & Thos. D. O'Brien* and *Frederick Foot*, for respondent.

The doctrine of respondeat superior was applicable between defendants and the men in charge of the moving counter, because defendants had the right to control their conduct. Rait v. New England F. & C. Co., 66 Minn. 76. Aside from the doctrine of respondeat superior, defendants owed a special duty to plaintiff which could not be shifted to the shoulders of another, to use ordinary care to keep their store in a safe condition for her while she was in the store as a customer; and the question whether defendants properly discharged this duty was for the jury. Woodman v. Metropolitan,

149 Mass. 335, 340; Railroad v. Morey, 47 Oh. St. 207, 214; Circleville v. Neuding, 41 Oh. St. 465, 468; Curtis v. Kiley, 153 Mass. 123; Dean v. St. Paul Union Depot Co., 41 Minn. 360; 1 Jaggard, Torts, § 90; 1 Shearman & R. Neg. § 176; Hawver v. Whalen, 49 Oh. St. 69. Defendants were liable for the further reason that the work which they employed the Blossom Company to do was likely to result in injury to customers, unless precautions were taken to prevent it. Railroad v. Morey, supra.

BROWN, J.

This action was brought to recover for personal injuries caused by the alleged negligence of defendants. At the trial in the court below, plaintiff had a verdict, and defendants appeal from an order denying their alternative motion for judgment notwithstanding the verdict, or for a new trial.

Defendants are the owners and proprietors of a department store, which the general public is invited to enter to trade. On June 30, 1899, plaintiff visited such store for the purpose of making certain purchases, and while there, and in the act of trading with one of defendants' clerks, was struck by a large counter being moved into the store, and seriously injured. She was so struck and injured by reason of the carelessness and negligence of the persons in charge of and moving the counter into the store, and was not chargeable with contributory negligence. The defendants deny and controvert the claim that plaintiff was injured while in their store, by being struck by the counter or otherwise, and they also deny that they had charge or any control of the men engaged in moving the counter into the store; and it is insisted that, because the counter was constructed and was being placed in the store under a contract with the Blossom Bros. Manufacturing Company, such company was an independent contractor, for whose acts, or the acts of its servants, defendants are not liable or responsible. It may be conceded, as the fact is, that defendants did enter into a contract with the Blossom Bros. Company for the construction of the counter, and for placing it in proper position in the store, and that the persons who were in charge and moving the same into the store at the time of plaintiff's injury were agents and employees of the Blossom Com-

pany, though there is some evidence that agents and servants of the defendants assisted them. But there is no claim that defendants surrendered the possession and control of their store to the Blossom Company. On the contrary, it is not disputed but that they remained in full control thereof, and were engaged in conducting the business of the store as usual.

We have carefully examined the evidence contained in the record, and find no reason for disturbing the finding of the jury that plaintiff was injured as alleged in the complaint, and that such injuries were caused by the negligence of defendants, or persons under their charge and control. The evidence is very clear that plaintiff received some sort of an injury. The nature and extent thereof were for the jury. And that such injury was inflicted upon her person by the negligence of the workmen in moving the counter into the store is equally clear. The question whether defendants are liable for the conduct of such workmen is more of a question of law than of fact. We cannot disturb the verdict on those questions.

Defendants seek to avoid liability on the theory that the Blossom Company was an independent contractor, having exclusive charge and control of the work in the performance of which plaintiff was injured, and that no responsibility attached to defendants for its conduct or the conduct of the agents; it not appearing that the contract, or the means of its performance, was in itself dangerous, or likely to lead to or result in injury to others. We have fully considered the very well and carefully prepared brief of counsel for appellants, but are unable to concur with him on this branch of the case.

The test by which to determine whether the person who negligently causes injury to another was acting as an agent or employee of the person sought to be charged, or as an independent contractor, is, did the person so sought to be charged have the right to control the conduct of the wrongdoer in the manner of doing the act resulting in such injury? Gahagan v. Aermotor Co., 67 Minn. 252, 69 N. W. 914. If he had such right, either as to the time, place, or manner of doing the act, he cannot absolve himself from liability for the negligence of the wrongdoer on the ground of independent relation, even though such wrongdoer was a competent and fit person to do

the work, and was acting under a contract to do the specific act, and not as an ordinary employee. 2 Thompson, Neg. 909. And where he has the right to control the work or the conduct of the workmen, whether they be working under an independent contractor or not, the doctrine of respondeat superior applies, and he is liable for injuries to persons caused by the negligence of such workmen. Rait v. New England F. & C. Co., 66 Minn. 76, 68 N. W. 729. And, again, "a contractor may be employed to do a particular job, under circumstances which leave the proprietor charged with the duty which regularly attaches to him to see that the work does not endanger the safety of others." 2 Thompson, Neg. 907; Homan v. Stanley, 66 Pa. St. 464; Pickard v. Smith, 10 C. B. (N. S.) 470. There can be no question in this case but that so long as defendants kept their place of business open to customers, and invited and permitted them to enter therein to trade, they owed a duty to such customers to keep the same in a reasonably safe condition, and free from danger of personal injury. Dean v. St. Paul Union Depot Co., 41 Minn. 360, 43 N. W. 54; Engel v. Smith, 82 Mich. 1, 46 N. W. 21; Emery v. Minneapolis Ind. Exposition, 56 Minn. 460, 57 N. W. 1132; Pelton v. Schmidt, 104 Mich. 345, 62 N. W. 552. And they could not shift such duty upon some other person. 1 Jaggard, Torts, § 90.

It affirmatively appears from the evidence that on the day and at the time of the accident to plaintiff the defendant's store was open to the public, and defendants were engaged in the conduct of their business, receiving and trading with customers, and there is no suggestion that they had surrendered the control of the store, or any part thereof, to the Blossom Company; nor does it appear that defendants did not have the right to require that the counter be placed in the store after business hours, when no customers were in or about the place. Having permitted the counter to be moved into the store during business hours, and at a time when customers were there trading, it was defendants' duty to take charge of the work or of the workmen, and see to it that no injury resulted to or was inflicted upon any of such customers; and, having failed in this duty, they are clearly liable. The court below submitted the case to the jury on this theory of the law, and there was no error in the charge. The requests to charge were properly refused, even if we overlook

the fact that they were not presented to the court at the proper time. They proceeded on the theory that defendants were relieved from liability on the ground of independence of contract; and, for the reasons we have stated, such defense was not available to them, because they could not thus avoid the duty they owed to plaintiff as one of their customers. They were bound to keep such store in a reasonably safe condition, and the mere fact that they had contracted with the Blossom Company to construct and place the counter in the store could not change such duty.

It is contended in behalf of defendants that a new trial should be granted because of the misconduct of plaintiff's attorney. The alleged misconduct consisted in repeated attempts to introduce before the jury what defendants considered incompetent evidence, and the use of intemperate and improper language in his address to the jury. There was no misconduct in the offer of the alleged incompetent evidence. The evidence was in line with that held competent in the case of Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45. Even though it may not have been strictly admissible, the conduct of plaintiff's attorney in offering it cannot justify a charge of misconduct such as to warrant a new trial. The language used by counsel in his address to the jury was beyond legitimate discussion of the issues in the case, but the question whether it was such misconduct as to justify a new trial is not presented by any proper exception. No objection was made to the court on the subject of counsel's remarks, nor was the court requested or called upon to make any ruling on the subject. State v. Frelinghuysen, 43 Minn. 265, 45 N. W. 432. We have examined all assignments of error, and find no reason for disturbing the verdict of the jury, and the order appealed from must be affirmed.

Order affirmed.