ATWOOD LUMBER COMPANY v. O. S. WATKINS.[1]

May 5, 1905.

No. 14,272—(43).

**Instruction to Jury.**

The trial court is not authorized, in charging the jury, to emphasize particular facts disclosed by the evidence, or require the triers to give specific attention thereto, and its refusal in this case to do so *held* not to be error.

**Evidence.**

Evidence examined, and *held* to reasonably support the verdict returned by the jury.

**Motion to Set Second Verdict Aside.**

Where a new trial has been granted upon a verdict which is again returned upon the same issues, the trial court may well regard the second finding with more favor than the first, and give greater weight thereto on a motion to set it aside as against the evidence.

**Assignments of Error.**

Other assignments of error upon the introduction of evidence considered, and *held* immaterial.

Appeal by plaintiff from an order of the district court for Carlton county, Cant, J., denying a motion for a new trial, after a trial and verdict for $588.28 in favor of defendant upon his counterclaim. Affirmed.

*F. V. Comfort* and *Clapp & Macartney*, for appellant.

*J. E. Green* and *H. S. Lord*, for respondent.

LOVELY, J.

This action was brought to recover for merchandise furnished and money advanced to defendant by plaintiff; also for the rent of a dwell-

[1] Reported in 103 N. W. 332.

ing house, the value of the rental of the building being the only part of plaintiff's claim disputed.

Defendant pleaded as a counterclaim that he was a practicing physician, and had agreed to go to Willow River, there to perform professional services for plaintiff in treating medically the employees working in its lumber mill at that place, as well as to render surgical assistance when required, for which he was to be paid one dollar for each man employed in the mill per month, or fraction thereof, while in the service. In reply plaintiff denied the matters set forth in the counterclaim, and alleged that its agreement with defendant was to collect of its employees whom defendant should treat fifty cents per month for each month, if it was able to do so; that this contract was carried out until terminated by plaintiff. The plaintiff further sets up a settlement and payment in full of the balance found to be due.

Upon the issues thus presented a clean-cut controversy over the facts was litigated. There were two trials. On the first defendant recovered a substantial sum. On a motion for a new trial the court set this verdict aside, and ordered a rehearing, whereupon defendant recovered a larger verdict on the second than on the first trial. Plaintiff again moved for a new trial, which was denied. This appeal is from that order.

While it may well be conceded upon the record that the preponderance of evidence would seem to favor plaintiff's contention that it is against the verdict, there being much persuasive force to support its claim in that respect, yet we are not able to say that the conclusions reached by the jury are not supported to some extent by evidence, nor that the affirmations of defendant to maintain his counterclaim are so incredible as to be absolutely unworthy of belief. We apprehend from what appears in the record that the first verdict was set aside because the court, in the exercise of its discretion, thought justice required a resubmission of the cause to another jury. On the hearing of the second motion for a new trial the court gave considerable weight to the view that the questions of fact had been passed upon by two juries, both of which had found in favor of defendant's story against very cogent and potent arguments opposed thereto; and the inference of the court that the finding of the second jury was entitled to considerable weight in its judgment was but natural and proper.

94 M.—30

While not absolutely controlling, the finding of two successive juries under proper instructions as to the law is entitled to consideration to show that there were reasonable grounds for the result reached upon disputed issues of fact. Where the trial court is of the opinion that a verdict is reasonably supported by some evidence, but is against the weight of evidence, it may well be influenced on a motion to· set it aside in submitting the case to a second jury when it would not feel warranted in disturbing a subsequent finding rendered on the same evidence. Buenemann v. St. Paul, M. & M. Ry. Co., 32 Minn. 390, 20 N. W. 379.

Certain conceded facts which appeared in evidence during the trial were relied upon by the plaintiff to overcome the statements of defendant that he had been employed under the terms of the contract claimed to have been assented to by defendant, but disputed by plaintiff. These were embodied in an instruction submitted in behalf of the plaintiff wherein the jury were told that they had a right to consider such specific matters and give them weight, thus singling out elements or views upon the controversy which were proper for argument and discussion by counsel, but might very justly be declined to be thus noticed by the court. We see no reason to criticise the conduct of the trial judge in refusing to emphasize these matters. His charge was full and comprehensive on all the issues, and appropriately guarded plaintiff's legal rights.

Whether the contract, as set forth and relied upon by defendant, was within the statute of frauds because not performed within a year, is of very little importance, since under the rule laid down· in Spinney v. Hill, 81 Minn. 316, 84 N. W. 116, and followed by Lally v. Crookston Lumber Co., 85 Minn. 257, 88 N. W. 846, upon the finding of the jury, we are required to adopt the view that such contract was executed, and would control the rights of the parties with respect to what had been done, and fixed the value of the services rendered upon it.

We have seriously considered two errors assigned upon introduction of evidence, and are of the opinion that we would not be justified in giving them sufficient weight to order a new trial. They are not important, and need not be specifically mentioned.

While the evidence in support of the verdict is not strong, nor very

convincing, yet we cannot say that it does not reasonably tend to support the verdict, and in view of the fact that the learned trial court declined to interfere we are of the opinion that the order denying a new trial must be affirmed.

Order affirmed.