# MARTIN STUELPNAGEL v. PAPER, CALMENSON & COMPANY.[1]

May 6, 1910.

Nos. 16,522—(48).

**Order denying a new trial.**

Evidence considered, and *held* not so clearly and palpably against the verdict as to justify a reversal of an order denying a new trial.

Action in the district court for Ramsey county to recover $2,550 for personal injuries.   The facts are stated in the opinion.   The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $1,000.   From the judgment entered pursuant to the verdict, defendant appealed.   Affirmed.

*Markham & Calmenson,* for appellant.

*Thomas P. Grace,* for respondent.

BROWN, J.

This action was brought to recover for personal injuries alleged to have been received by plaintiff in consequence of the negligence of defendant.   Plaintiff had a verdict, upon which judgment was rendered, after the denial of defendant's motion for a new trial, and defendant appealed.

The facts, clearly summarized by the trial court in its memorandum attached to the order denying a new trial, are substantially as follows:   Plaintiff was in the employ of the United States Bedding Company as a teamster.   The evidence tends to show that on the day in question his foreman directed him to drive to the warehouse of

[1] Reported in 126 N. W. 281.

defendant, and get three bales of shoddy, and look at the weights, and sign for it, which he proceeded to do. This warehouse is an old stone roundhouse. The building consists of three sections of rooms, to wit, the east, the center, and the west. In the center section or room is a press, at which the employees of the defendant do their work of making bales of shoddy. The center and west sections are connected by a door. The west section was used principally as a storeroom for bales; the regular work being done in the center room. In the west room there are windows with iron shutters. These shutters are sometimes open and sometimes closed, as occasion requires. Bales are loaded out from this room, being first put on a truck and pushed up an inclined platform, running to a level platform about three and one half feet high. This inclined platform is about six feet wide by forty feet long, and extends along the north wall of the room; the left side being open and unguarded. The space to the left is piled with bales of shoddy. There is a conflict of testimony as to how near the bales were piled to the platform on this occasion. On the level platform, and near the top of the incline, is a scale, from which, after being weighed, the shoddy is taken to a door opening from the platform and loaded onto the wagon to be carted elsewhere.

Plaintiff testified that on the day in question he went to the warehouse and made his purpose known; that defendant's foreman told him to help with the bales; that one bale was loaded on a truck, and that he assisted in pushing it up the incline to the scale, walking on the left or open side of the inclined platform. The foreman walked on ahead, and when they reached the top of the incline the bale was dropped, apparently at the scale. Plaintiff testified that the foreman then told him "to step around and look at the weight." In order to do so he had to step around the bale and the truck. He might have passed around to the right, next to the wall; but he testified that the other men were standing in the way, so he turned to the left, and, doing so, stepped over the edge of the platform, and injured his leg and kneecap. He was unfamiliar with the premises, and testified that the window blinds were down, and he could not see that he was so near the edge of the platform, and that he was not advised of its unguarded condition; that the foreman

opened the blinds of a window near the scale to see the weight, but that this was not until after his fall.

Plaintiff's testimony that he was directed by the foreman of the bedding company to see the weights was denied. The president of that company testified, however, that without positive instructions, he would expect plaintiff to do so. His testimony that the room and platform were dark was also denied. It does appear, however, that no one was working in this west room when plaintiff arrived, and that the blinds were sometimes closed when no one was there. It appears that the room was dark when the blinds were closed, and the inclined platform, with the wall on one side and the pile of bales on the other, would in such case be somewhat darker than the rest of the room. It was denied that plaintiff was asked by defendant's foreman to help with the bales or to see the weights; but it was not denied that he went up the incline with the other men, and it is admitted that he stood by the scale while defendant's foreman was there weighing the shoddy.

There can be no question of defendant's liability, if the evidence tending to support the facts stated is worthy of belief. Plaintiff was invited into defendant's warehouse for the transaction of a matter of business for his principal, and defendant was under obligation, within the rules and principles of law applicable to the situation, to protect him from harm while upon its premises. Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Kelly v. Tyra, 103 Minn. 176, 114 N. W. 750, 115 N. W. 636, 17 L.R.A.(N.S.) 334; Dean v. St. Paul Union Depot Co., 41 Minn. 360, 43 N. W. 54, 5 L.R.A. 442, 16 Am. St. 703.

The principal contention on this appeal is that the evidence of plaintiff, practically uncorroborated, is incredible, unworthy of belief, and wholly insufficient to support the verdict. Counsel invoke the rule laid down in Messenger v. St. Paul City Ry. Co., 77 Minn. 34, 79 N. W. 583, and earnestly contend that a new trial should be granted.

A careful consideration of the evidence leads to an affirmance. We discover no inherent improbability in the testimony of plaintiff, nor other reason for disregarding it, in the face of its acceptance by

the jury and the trial court. If true, it made a cause of action in his favor; and whether true or not was a question of fact for the jury. Though his version of the affair, in connection with the circumstances disclosed, may be open to some suspicion and criticism, this alone is not sufficient to justify an appellate court in rejecting his evidence as untrue, or as casting such a cloud upon his veracity as to justify the reversal of an order of the trial court in denying a new trial.

There have been four trials of the action. On the first, upon substantially the same evidence, a verdict was rendered for plaintiff, and subsequently set aside, and a new trial granted. The two following trials, upon the same evidence, resulted in failures of the jury to agree, and upon the fourth trial plaintiff again had a verdict. In view of this situation, we concur with the trial court that the litigation ought to come to an end, and the last verdict be treated as final. Atwood Lumber Co. v. Watkins, 94 Minn. 464, 103 N. W. 332; Buenemann v. St. Paul, M. & M. Ry. Co., 32 Minn. 390, 20 N. W. 379.

We have considered defendant's motion to strike out a portion of plaintiff's brief, and discover nothing of sufficient consequence to require special mention.

Judgment affirmed.