CHARLES LAMONT v. ED. STAVANAUGH and Another.[1]

May 14, 1915.

Nos. 19,099—(44).

**Municipal corporation — assault by policeman.**
    1. A city is not liable for the injuries received by a person on its streets in an assault by a police officer, although such officer is known to the officials appointing him to be a man of vicious propensities and violent temper.

**Same.**
    2. The failure to require a bond of such police officer does not make the city liable for such assault.

Action in the district court for Le Sueur county to recover $5,000 for injuries inflicted by defendant Stavanaugh. From an order sustaining the demurrer of defendant city to the complaint, Morrison, J., plaintiff appealed. Affirmed.

*Moonan & Moonan*, for appellant.

*M. R. Everett* and *S. B. Wilson*, for respondent.

[1] Reported in 152 N. W. 720.

---

Note.—As to municipal liability for torts of police officers, see notes in 12 L.R.A.(N.S.) 537 and 42 L.R.A.(N.S.) 915.
    129 M.—21.

BUNN, J.

Appeal by plaintiff from an order sustaining a general demurrer of defendant city to the complaint.

The facts alleged in the pleading demurred to are in substance as follows:

Waterville is a city with a population of over 1200. On April 16, 1914, defendant Stavanaugh wrongfully, unlawfully and without provocation violently assaulted plaintiff while the latter was standing on a public street in the city, and repeatedly struck him with a policeman's club, causing severe injuries. Stavanaugh is a man of "savage and vicious propensities, who frequently * * * during the last three years has assaulted, beaten and bruised different persons and violently attacked and beaten divers and sundry persons, including this plaintiff, without provocation, reason or cause therefor, but solely on account of and by reason of his vicious and savage propensities and violent temper." Defendant city, its servants, agents and employees were well acquainted with the "violent and savage propensities" of Stavanaugh long prior to and at the time they furnished him with a policeman's club and invested him with authority to carry it and be upon the public streets. The city neglected to require any bond of Stavanaugh for the faithful performance of his duties, and permitted him to be on the streets in the performance of his duties for the city without his giving any security or bond, though well knowing that Stavanaugh was insolvent and a money judgment against him worthless. After alleging that plaintiff suffered damages to the extent of $5,000 through the assault by Stavanaugh, and that due notice of plaintiff's claim had been given to the city, the complaint concludes with a demand for judgment in that sum against both of the defendants.

Does this complaint state a cause of action as against the defendant city? Plaintiff claims there is a liability because: (1) By putting a man of vicious propensities and violent temper on its streets as a police officer the city violated its duty to keep its streets in a reasonably safe condition for public use and free from nuisance; (2) in view of its knowledge of Stavanaugh's propensities and the danger to the public, the city was negligent in not requiring a bond.

The liability of a city for injuries resulting from defects or dangerous conditions in its streets is a firmly established, if illogical, exception to the rule that a municipality is not liable in damages for negligence in performing its governmental functions, unless such liability has been imposed by statute. Ackeret v. City of Minneapolis, supra, p. 190, 151 N. W. 976, and cases cited.

It cannot be questioned that a city is liable for the negligence of its officials in creating or permitting to exist dangerous conditions in its streets and sidewalks. But we are unable to apply this doctrine to such a danger as the complaint in this case shows—a policeman who is possessed of vicious propensities. That the city acts in its governmental and not in its proprietary capacity in appointing its officers, there can be no doubt. It would seem that its nonliability for negligence or other torts on the part of such officers is too well settled in this state to admit of argument. Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812; Lerch v. City of Duluth, 88 Minn. 295, 92 N. W. 1116; Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L.R.A.(N.S.) 698, 14 Ann. Cas. 673. It does not alter the rule that the mayor or city officials charged with the appointment of police officers are negligent in making an appointment or knowingly appointing a dangerous man. The case of Dean v. St. Paul Union Depot Co. 41 Minn. 360, 43 N. W. 54, 5 L.R.A. 442, 16 Am. St. 703, strongly relied on by plaintiff, is not in point. A wholly different rule applies to individuals and private corporations. They are liable for the torts of their servants committed within the scope of their authority, while a municipal corporation is not, save in excepted cases. We are unable to hold that the presence of Stavanaugh on the streets of Waterville armed with a policeman's club constituted a defective condition of the streets or a danger therein which would impose a liability on the city, even though the official who placed him there knew of his vicious propensities. While there is a lack of authority in this state as to the liability on the exact facts pleaded here, there is no lack of authority elsewhere, and it is all against the liability. Rusher v. Dallas, 83 Tex. 151, 18 S. W. 333; McIlhenney v. Wilmington, 127 N. C. 146, 50 L.R.A. 470; Craig v. Charleton, 180 Ill. 154, 54 N. E. 184.

There is no force in the contention that the failure to require Stavanaugh to give a bond makes the city liable for injuries caused by him.

Our conclusion is that the complaint fails to state a cause of action against the defendant city, and that the demurrer was rightly sustained.

Order affirmed.