# CELESTINE THILL AND OTHERS v. GEORGE FREIERMUTH AND OTHERS.[1]

December 21, 1917.

No. 20,634.

**Deed — undue influence — res adjudicata.**

> The evidence in this case sustains the finding of the trial court that a deed from father to son was procured by undue influence. A similar decision on a former trial was reversed by this court on the ground that it was not sustained by the evidence. The evidence on the second trial was not the same. The former decision of this court is not res adjudicata. Whether the former decision would be res adjudicata if the evidence were the same on both trials is not decided.

After the former appeal, reported in 132 Minn. 242, 156 N. W. 260, the case was tried before Johnson, J., who at the close of the testimony denied defendant's motion for judgment, made findings and ordered judgment in favor of plaintiffs. From an order denying their motion to amend the decision and for judgment in their favor, or for a new trial, defendants appealed. Affirmed.

*T. R. Johnson* and *W. H. Gillitt,* for appellants.
*Kueffner & Marks,* for respondents.

HALLAM, J.

This case was before this court on a former appeal. 132 Minn. 242, 156 N. W. 260. The facts are there fully stated. Many years ago, Columbus Freiermuth and Brigetta, his wife, both now deceased, settled on land in Dakota county. There they reared a large family and acquired a farm of 400 acres. As the children grew up all left home except one son, the defendant George. For about 25 years George rented the farm, first on shares, and later at a rental of $600 a year. While a tenant, he made improvements on the land of the value of several thousand dollars. Some of these improvements, it was stipu-

[1]Reported in 165 N. W. 490.

lated, he should have a right to remove upon the termination of his occupancy as tenant. There were two residences upon the farm. The parents lived in a house separate and apart from that occupied by defendant and his family until the spring of 1911, when the mother died. After that the father went to live with defendant. While living there and on November 9, 1911, he conveyed the 400 acre farm to George for a consideration of $18,000 and took two notes of $9,000 each, payable 10 years after date with interest at 2 per cent per annum. The court found the value of the land with the improvements thereon to be $30,000.

In 1908 deceased made a will, to which his wife consented in writing, in which all living children were treated substantially alike. At the time of making the deed to defendant, he made a second will dividing what remained of his property with substantial equality among his children. On March 30, 1912, deceased indorsed a payment of $3,000 on one of the $9,000 notes. The record shows no trace of this $3,000 and the court found that the amount was never paid. At about the time of this alleged payment, deceased made a third will giving George a legacy of $1,000 and dividing the residue, giving surviving children interests nearly alike.

This action is brought to set aside the deed on the ground of undue influence exerted by defendant George and Margaret, his wife. The trial court, hearing all the issues in the case without a jury, found for plaintiffs. Defendants appealed and on appeal this court reversed the decision, holding that the evidence of undue influence was not sufficient to sustain the finding.

The case was retried before the same judge. The testimony adduced on the former trial was substantially presented again. Additional testimony was offered on both sides. The additional testimony offered on behalf of the plaintiffs related mainly to proof of impaired mental capacity on the part of deceased. This, of course, had a bearing on the subject of undue influence, since conduct may constitute undue influence upon one of feeble mentality, though the same conduct might not constitute undue influence upon one of large mental capacity. The court again found for plaintiffs.

Our former decision, that the evidence then before the court was in-

sufficient to make out a case, is not res adjudicata on this appeal now that the evidence is different. McNamara v. Pengilly, 64 Minn. 543, 67 N. W. 661; Kray v. Muggli, 84 Minn. 90, 86 N. W. 882, 1102, 54 L.R.A. 473, 87 Am. St. 332. We do not say that if the evidence were the same we should be obliged to upset a second decision deliberately made. There is an element of discretion involved in setting aside a decision on the ground of insufficiency of evidence. If the case had been tried by two juries, we should not be obliged to set aside a second verdict rendered on the same evidence. The doctrine of former adjudication would not there apply. Atwood Lumber Co. v. Watkins, 94 Minn. 464, 103 N. W. 332; Stuelpnagel v. Paper, Calmenson & Co. 111 Minn. 3, 126 N. W. 281. See Mullen v. Otter Tail Power Co. 134 Minn. 65, 158 N. W. 732. However that may be, we are of the opinion that, upon the evidence now before us, we should not again reverse the decision of the trial court. There is some evidence tending to prove undue influence. The trial court, after hearing and seeing all the witnesses and after a very thorough second trial and apparently a very painstaking consideration of all the evidence, old and new, was of the opinion that there was undue influence and that the conveyance should be set aside. We think this decision should be allowed to stand.

Order affirmed.