# BEMIDJI IRON WORKS COMPANY v. AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK.[1]

### February 4, 1921.

### No. 22,033.

**Cancelation of fire insurance policy.**
> 1. Whether the policy had been canceled by mutual consent was a question of fact for the jury.

**Effect of sale and removal of insured property.**
> 2. Sale and removal of a part of the personal property covered by the policy invalidated it only as to the property so removed.

Action in the district court for Beltrami county to reform a fire insurance policy and recover $2,000 upon it. The answer alleged that the policy of insurance was canceled on May 10, 1919. The case was tried before Stanton, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,897, with interest. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. E. McDonald,* for appellant.
*Graham & Torrance,* for respondent.

TAYLOR, C.
Defendant issued a policy in which it insured plaintiff against loss by fire in the sum of $1,000 on building, $500 on machinery and tools, and $500 on stock and material, for a period of one year from October 19,

[1]Reported in 181 N. W. 340.

1918.  The building burned on June 1, 1919, and plaintiff brought suit on the policy and recovered a verdict.  Defendant appeals from an order denying a new trial.

Defendant's principal contention, both at the trial and here, is that the policy had been canceled before the fire.  The policy was issued by defendant's agents, Messrs. Reynolds & Winter, who had an open account with plaintiff in which they charged plaintiff with the amount of the premium.  This policy, as well as another issued by another company, was left with them for safe keeping.  The policy reserved to the company "the right, after giving written notice to the insured  *  *  *  and tendering to the insured a ratable proportion of the premium, to cancel this policy as to all risks subsequent to the expiration of ten days from such notice."

It is admitted that the written notice thus provided for was never given, but defendant claims, in substance, that the policy was cancelled by mutual consent without a written notice.  The jury found that it had not been so canceled.

The facts in brief are as follows: In May, 1919, a clerk in the office of Reynolds & Winter called Mr. Olson, plaintiff's president and manager, by telephone, and informed him that they had been requested by the insurance company to cancel the policy, and that it would be canceled 10 days from the date they had received the request, and in answer to an inquiry informed him that they could not rewrite the insurance.  Olson stated that he would see Mr. Winter.  This conversation took place on May 10 according to the recollection of the clerk, and on May 15 according to the recollection of Olson.  Shortly thereafter Olson had a conversation with Winter about placing the insurance in another company, and was informed that Winter had no company which would write it.  Olson made application to another agent without success, and, on May 24, 1919, made application for insurance on the building and contents in the sum of $4,000 to a third agent, who made a memorandum of the application for submission to his company to see if they would accept the risk.  After the fire, which occurred on June 1, Olson ascertained from this third agent that his company had refused to insure the property, and then had an interview with Winter in which he learned that Reynolds & Winter had purported to cancel the policy in controversy on

May 14, 1919, and had sent it to the insurance inspector for surrender to the company. This was the first knowledge Olson had of any specific act toward canceling the policy. The attempted cancelation was made only four days after Reynolds & Winter's clerk claims to have given notice by telephone of the instructions received from the company. No part of the premium was returned. In explanation of the failure to return the pro rata part of the premium, it was shown that the premium had been charged to plaintiff in an open account, that the balance due Reynolds & Winter on this account exceeded the amount of the premium, and that the payments made on the account had been applied on other items charged therein. But the account, as it appears in the record, shows that plaintiff is still charged with the full amount of the premium, and does not show that plaintiff has ever been credited with any rebate thereon.

The evidence made the question as to whether the policy had been canceled by mutual consent a question of fact for the jury, and not a question of law for the court, and justifies the conclusion reached by the jury.

Defendant assigns a number of rulings made during the trial as error, but we find none which would justify a reversal or which require special mention.

A part of the personal property, which was within the building and covered by the policy when it was written, had been sold and removed before the fire. The property so sold and removed entered in no way into the loss for which plaintiff sought to recover. Plaintiff based its claim solely on the loss of the building, which was completely destroyed, and on the damage to the personal property which still belonged to it and was in the building at the time of the fire. The court charged the jury, in effect, that the policy had not been invalidated by the sale and removal of a part of the personal property as above stated. Defendant insists that the court erred in so charging.

While the policy provides that the removal of the property without the assent of the insurer shall render the policy void, unless such removal was necessary for the preservation of the property from fire, we think that the sale and removal of a part of the property, without any fraudulent purpose, invalidate the policy only as to the property so removed,

and that the portion of the charge challenged was proper and correct under the facts of this case. See National Fire Ins. Co. v. Itasca Lumber Co. supra, page 170.

Order affirmed.