JACOB A. MILLER v. CONTINENTAL INSURANCE COMPANY
OF NEW YORK.[1]

January 11, 1924.

No. 23,694.

**Case ended by two verdicts for defendant.**
> The evidence made the issues in this case questions for the jury and two juries having found for defendant, the litigation should end.

Action in the district court for Ramsey county to recover $1,000 upon defendant's insurance policy. The case was tried before Bechhoefer, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Jesse E. Greenman,* for appellant.
*O'Brien, Horn & Stringer,* for respondent.

TAYLOR, C.

Plaintiff, alleging that he was doing business under the name of J. A. Miller & Company, brought suit on a policy of fire insurance issued by defendant to "J. A. Miller & Co." Defendant alleged that the policy had been canceled by mutual consent prior to the fire, and further alleged that the policy had not been issued to plaintiff individually, but to a copartnership doing business under the firm name of 'J. A. Miller & Co.' composed of plaintiff and his two sons Julius and Michael Miller.

The case has been tried twice. The first trial resulted in a verdict for defendant. Plaintiff's alternative motion for judgment or a new trial was denied and he appealed. This court granted a new trial. Miller v. Continental Ins. Co. 152 Minn. 404, 188 N. W. 1000, two members of the court dissenting. The second trial also resulted in a verdict for defendant. Plaintiff's alternative motion for judgment

[1] Reported in 196 N. W. 651.

or a new trial was again denied and a second appeal brings the case before this court a second time. On the former appeal the court said [at page 407]: "The case is not one for judgment notwithstanding but for a new trial."

The new trial was granted on the ground that the evidence as to the cancelation of the policy was vague, uncertain and unsatisfactory and as consistent with an understanding that the policy was to continue until a new one was issued in another company as with an understanding that it was canceled when surrendered to the broker. It is evident from the opinion that the court recognized that there was evidence tending to support the claim of cancelation, but considered it so unsatisfactory that the question ought to be submitted to another jury. This has been done, and the second jury has reached the same conclusion as the first.

The evidence at the second trial differed but little from that at the first trial, but, perhaps, was somewhat more definite and more favorable to the defendant. It shows that the broker who procured the insurance was instructed by the insurance company to take up the policy and cancel it; that he went to plaintiff's place of business, found Julius Miller in charge, informed him of the instructions from the company and asked for the policy; that Julius stated that the policy was locked in the safe; that he was unable to open the safe; and that his father who was absent would be back on the following Friday when the safe could be opened and the policy obtained. On Friday the broker again went to plaintiff's place of business and again found Julius in charge and plaintiff absent; but the safe was then open and Julius returned the policy to him and he returned it to the company. At the time of returning the policy, it was agreed between Julius and the broker that the broker, who still had the premium, should retain it for the purpose of procuring other insurance in another company. There was also sufficient evidence to justtify the jury in finding that Julius was in partnership with his father and had authority to cancel the policy. The first verdict was approved by one trial judge and the second verdict by another trial judge.

We think the evidence was sufficient to make the issue of cancelation a question for the jury, and that after two juries, who saw and observed the witnesses, have drawn the same conclusions from their testimony the litigation should end. Thill v. Freiermuth, 139 Minn. 78, 165 N. W. 490; Marshall v. Chicago, R. I. & Pac. Ry. Co. 131 Minn. 392, 155 N. W. 208; 2 Dunnell, Minn. Dig. § 7151.

Plaintiff challenges several of the rulings admitting and excluding evidence, but we find none of which he has any valid ground to complain or which would justify a reversal.

Order affirmed.

Stone, J., having been of counsel took no part.