Chester L. RICHARD, dba McKenzie Machine Shop, aka McKenzie Machine Company, and H. William Gillespie, dba Gillespie Machine Company, Plaintiffs,

v.

The WESTERN FIRE INSURANCE COMPANY, a Kansas Corporation and the Yorkshire Insurance Company, a New York Corporation, Defendants.

Civ. No. 5-57-1.

United States District Court
D. Minnesota,
Fifth Division.

April 24, 1958.

Manthey, Carey, Manthey, O'Leary & Trenti, by Thomas J. Manthey and Milton W. Logan, Virginia, Minn., for plaintiffs.

Carroll, Thorson, Anderson & Cronon, by Frank X. Cronon, Minneapolis, Minn., for defendants.

DONOVAN, District Judge.

This matter is before the court by reason of plaintiff Richard's alternative motions for judgment or a new trial. The court directed a verdict in favor of defendants and against plaintiff Gillespie. The jury returned a verdict for defendants in Richard's case.

For convenience, plaintiffs will be referred to as "Richard" and "Gillespie" and defendants as "Western" and "Yorkshire", respectively. A short statement of the case, facts and issues may be helpful.

Richard and Gillespie commenced the action to recover damages for destruction of property by fire, covered by policies of insurance which they claim were issued by Western and Yorkshire and in effect at the time of the fire. The building and personal property insured were located in Virginia, Minnesota. On or about December 15, 1956, Richard and Gillespie negotiated a contract of sale of the property and business involved. Richard, doing business as "McKenzie Machine Shop, aka McKenzie Machine Company", agreed to sell said building, its contents, and the business to Gillespie, who would carry on thereat as Gillespie Machine Company. Gillespie took possession of the insured property on January 1, 1957, but Richard retained an insurable interest therein, pending conclusion of sale and delivery. Richard told defendants' agent Koebensky of the sale by Richard to Gillespie. Richard testifying, tells his version of his visit with Koebensky, to the effect that the sale would be consummated around January 1, 1957, at which time Gillespie would take possession, and when concluded, would cancel the insurance policies. Richard knew as of December 14, 1956, that he was referred to as seller and Gillespie as buyer, and was familiar with amendments to the policies and the writing therein which in substance was,

"I sold my business and possession taken first of the year."

Richard visited with the agent about cancellation but claims by his testimony that it was to be effective only "when the papers are in order."

Defendants' agent Koebensky testified in substance that some time prior to January 6, 1957, Richard advised him that Richard had sold his business and wanted all of his insurance on the said property cancelled, effective January 1, 1957. Thereupon the agent requested surrender of the policies and inquired for their surrender on several occasions, and that about the last of December, 1956, Richard again called at the agent's office and informed him that the deal was all completed and that the business and property would be sold as of January 1, 1957. Fire destroyed the insured property on January 6, 1957.

The foregoing is the substance of the disputed questions of fact.

Richard contends he did not request cancellation of the insurance in question. Western and Yorkshire contend the insurance was cancelled as directed by Richard prior to the occurrence of the fire.

Seeking in the alternative for judgment or a new trial, plaintiff Richard contends:

1. The verdict is contrary to (a) the evidence, and (b) the law.

2. The trial court erred in certain rulings and instructions.

*1(a). Is the verdict contrary to the evidence?*

■ This being a diversity case, the law of Minnesota controls.[1] The cogent point in the case is the question of cancellation. There was a sharp conflict in the evidence in this respect. Challenging the weight and sufficiency of the evidence, plaintiff is bound by the rule that the evidence must be viewed in a manner most favorable to the prevailing parties. The jury, having found against the plaintiff and in favor of the defendants, the court must accept as true all facts which the evidence reasonably tended to prove, and defendants are entitled to all favorable inferences which may reasonably be drawn from the evidence. Under the circumstances, it must be assumed that the trier of the facts resolved all evidentiary conflicts in favor of the defendants.[2] It is obvious that the evidence is sufficient to support the verdict.

*1(b). Is the verdict contrary to law?*

■ Contending that the policies of insurance must be liberally construed in favor of the insured, counsel for Richard argues that the cancellations relied on by defendants do not measure up to the terms of the contract.[3] Defendants had the burden of proving the claimed cancellations and such proof satisfied the triers of the fact that the insurance had been cancelled.

■■ There is no dispute but that the contract could be cancelled by word of mouth if the insured chose that means rather than notice in writing. Plaintiff Richard said he did not orally cancel the insurance. Defendants testified he did. This created a factual conflict. The jury, by verdict, held the contract was orally cancelled. The law of Minnesota permits oral contracts establishing wai-

---

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Wood v. Gas Service Co., 8 Cir., 245 F.2d 653, 655, 657.

2. Railway Express Agency, Inc. v. Mackay, 8 Cir., 181 F.2d 257, 259, 19 A.L.R. 2d 1248; Imperial Assur. Co. v. Joseph Supornick & Son, 8 Cir., 184 F.2d 930, 933; Mounds Park Hospital v. Von Eye, 8 Cir., 245 F.2d 756, 759.

3. Plaintiff cites 9 Dunnell's Minn.Digest, Sec. 4659(16) and Donarski v. Lardy, Minn., 88 N.W.2d 7.

See also Western Casualty & Surety Co. v. Gelling, Minn., 88 N.W.2d 247.

All of the cases cited by movant are readily distinguishable from the case at bar.

er and the effective date of insurance.[4] The instant case has to do with cancellation by oral agreement. The testimony of Richard and Koebensky tended to show a rather informal approach, by old friends, towards the accomplishment of Richard's expressed wish of avoiding future premiums on insurance policies covering property being transferred to Gillespie. Whether such was the intent of Richard is another question. Nonetheless the business conduct and conversations between the insured and the defendants' agent involved a question of fact for the jury. In other words, whether there has been a cancellation of policies of insurance by mutual consent in the present case was a question of fact for the jury.[5]

*2. Was plaintiff Richards prejudiced by rulings and instructions to the jury by the trial court?*

█ The difficulty with plaintiff's argument, orally and by brief, is the expressed wish to add to defendants' burden of proof, a burden superior to and beyond the required liberal construction of insurance contracts. As an illustration, consider counsel's insistence that the court should have used the adjective "unequivocal" in lieu of "clear." He cites no Minnesota case in point and in support thereof. Charging the jury in this respect the court, among other things, said:

> "In determining whether there was in fact an oral cancellation of the policies of insurance which are the subject of this action, the question of intent and understanding of each of the parties to the alleged conversation is vital, and in order to find out that it was in fact the intent of each of the parties to cancel the

policies of insurance on January 1, 1957, you may consider the actions of each of the parties after the alleged cancellations and any statements made by the parties after the alleged cancellations insofar as they bear upon the showing of the intent of the parties; and, as I have already indicated to you, the defendants being corporations, Mr. Koebensky would be representing them in those respects.

> "Under the law, a contract of insurance may be cancelled orally, but in order to effect a cancellation orally the language used must be clear."

In the opinion of the court the last-quoted word is preferable from the standpoint of clarity and plain English for jury purposes. "Clear" means "plain, evident, obvious, free from doubt or conjecture, *beyond reasonable doubt*".[6] (Emphasis supplied.) Arguing for "unequivocal" as opposed to "clear"[7] is the equivalent of choosing "twiddle dee" in preference to "twiddle dum." We were dealing with an average jury who would have no difficulty understanding that the adjective "clear" meant just that. Needless to say, "unequivocal" could not be clearer.

Resort to the court's notes and the transcript of the charge to the jury reveals an entire lack of prejudicial error in the record of the instant case. The record would have supported a verdict for plaintiff. The jury saw fit to return a verdict for the defendant. The court is precluded from substituting its judgment for that of the triers of the fact.

Plaintiff's alternative motions for judgment or a new trial are denied.

It is so ordered.

An exception is allowed.

4. Gulbrandson v. Empire Mutual Insurance Company, Minn., 87 N.W.2d 850, 856; 3 Dunnell's Minn.Digest, Sec. 4647.

5. 3 Dunnell's Minn.Digest, Secs. 4694, 4695; Miller v. Continental Ins. Co., 157 Minn. 489, 196 N.W. 651; Bemidji Iron Works Co. v. Agricultural Ins. Co., 148 Minn. 193, 181 N.W. 340.

6. Black's Law Dictionary, Third Edition, page 327.

7. Webster's International Dictionary, Second Edition, defines the adjective "clear" as "free from doubt, certain, positive, sure * * *."